ELIZABETH ROEWEKAMP, Appellant, *v.* NEW YORK POST GRADUATE MEDICAL SCHOOL AND HOSPITAL, Respondent.

Second Department, May 27, 1938.

*Jacob S. Schneider*, for the appellant.

*Martin Taylor* [*George B. Francis* with him on the brief], for the respondent.

PER CURIAM. Defendant is a charitable institution maintaining a school and hospital. In 1928 plaintiff submitted to a tonsil operation at defendant's free clinic. She brings this action against defendant to recover damages for personal injuries suffered by her as a result of the negligent manner in which the doctor assigned by defendant performed the operation. The only charge against the hospital is that it was negligent because, without knowledge of the doctor's fitness or ability to perform the operation and without making a proper and adequate examination to determine his competency, it permitted him to operate upon plaintiff and subjected plaintiff to his careless and unprofessional treatment. The action was commenced in 1931, more than two and less than three years after the operation. The court dismissed the complaint on the ground that the acts which are the foundation of the action constitute malpractice and, therefore, the two-year Statute of Limitations, applicable to malpractice actions, bars the action.

In our opinion the act which is the basis of this action is not the malpractice of the doctor, but defendant's negligence in selecting him when it knew or should have known that he was not qualified to perform the operation. That is the charge made against the hospital both by the allegations of the complaint and by the terms of the stipulation entered into between the parties. Defendant may be held liable only for its negligence in selecting the doctor, not for the latter's negligence or malpractice in performing the

operation. (*Hamburger* v. *Cornell University*, 240 N. Y. 328.) In other words, a charitable institution which makes a doctor available for the patient's use is not liable for malpractice. It is in no sense an employer or principal. Hence, it cannot be held to answer for the doctor's negligence or malpractice. It may be held liable only for its negligence in selecting doctors who are incompetent and unfit to perform the work assigned to them. There is a clear factual and legal distinction between a doctor's liability for malpractice and a hospital's liability for its negligence.

If the allegations of the complaint be established, then the negligence of the hospital in selecting the doctor and the malpractice of the doctor in performing the operation were concurrent causes in producing a single wrong or injury to plaintiff, for which she may recover against the hospital. The fact that plaintiff has suffered a single wrong or injury to her person, while it may authorize only one recovery, does not necessarily give rise to a single cause of action. It may give rise to several causes of action; " and, in determining which period of limitation applies to a particular cause of action, the criterion is the origin and nature of the liability asserted." (*Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 299.) Here the origin and nature of the wrong alleged give rise to two causes of action: One against the doctor for malpractice, and one against the hospital for its negligence in selecting him. The former is governed by the two-year statute and the latter by the three-year statute.

The order and judgment dismissing the complaint should be reversed on the law, the motion denied, and the matter remitted to Trial Term to proceed according to the terms of the stipulation; costs to appellant to abide the determination of the Trial Term.

LAZANSKY, P. J., DAVIS, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Order and judgment dismissing the complaint reversed on the law, motion denied, and the matter remitted to Trial Term to proceed according to the terms of the stipulation; costs to appellant to abide the determination of the Trial Term.