MAX SCHILLER, Plaintiff, *v.* PACIFIC MUTUAL LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Kings County, September 25, 1939.

*Abraham N. Geller* [*Bernard A. Saslow* of counsel], for the plaintiff.

*Katz & Sommerich* [*Irving S. Freedman* of counsel], for the defendant.

Nova, J. Plaintiff seeks by way of the first cause of action to compel the reinstatement of a certain policy of accident and health insurance heretofore issued to him by the defendant's predecessor. The complaint alleges that plaintiff paid all premiums due under the policy " up to January 12, 1937;" that since August, 1937, plaintiff " has been totally disabled and by reason of his age and present physical condition, is and will continue to be unable to procure any other health or disability insurance;" that the defendant has declared the policy " lapsed and forfeited by it for non-payment of the premium due on January 12, 1938, upon the due date thereof or within the grace period provided therefor in said policy." It is further alleged that subsequent to plaintiff's default in the payment of the premium, a tender thereof was made but rejected by the defendant.

The basic question which is raised by defendant's motion for judgment on the pleadings herein is whether the policy has properly lapsed. In contending for the negative of such proposition, it is plaintiff's contention that defendant has in truth effectuated a " forfeiture " of the policy; that there is no *express provision* in the policy itself which categorically reserves to the defendant a right to declare a forfeiture for the non-payment of a premium; that, therefore, the defendant should be required to recognize the policy as continuing effectively to exist.

An examination of the material provisions of the policy indicates that the coverage was terminated, not by an act of forfeiture, but by a mere lapsing of the policy because of plaintiff's default in the payment of the requisite premium. The pertinent provisions of the policy read as follows:

" 3. If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the policy but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance. * * *

" 24. All premiums on this policy are due and payable in advance at the Home Office of the Company, but may be paid to any authorized agent or manager of the Company producing receipts signed by the President, a Vice President, the Secretary or an Assistant

Secretary, and countersigned by such authorized agent or manager. A grace of thirty-one days shall be granted for the payment of every premium after the first, during which time the insurance hereunder shall continue in force. After any default in payment of premium this policy may be reinstated as provided in Standard Provision Number 3 at any time within six months from the date of such default on written application by the Insured to the Home Office of the Company and the payment of the defaulted premium, provided the Insured shall with such application submit evidence of insurability satisfactory to the Company. * * *

" 28. The annual premium for this policy is ONE HUNDRED SEVENTY AND 00/100 Dollars *and the policy expires one year from its date.* The Insured shall have the right at the time of such expiration to renew this policy for a term of 15 years by the payment of a like premium on the 12th day of JANUARY in each succeeding year, provided, however, that this policy shall not be *renewed* beyond its anniversary date nearest the sixtieth birthday of the Insured. *Insurance under this policy is effective in consideration of the payment in advance of the premiums herein provided for* and in further consideration of the statements made in the application for this policy, copy of which application is attached hereto and is hereby made a part of this policy. * * * *Failure to comply with any of the provisions of this policy shall render invalid any claim under this policy.*"

It will be noted under the above provisions that plaintiff agreed to pay a specified annual sum, *in advance,* for the renewal of the policy. Pursuant to the explicit terms of the contract, the coverage was to expire one year from its date, with the proviso for renewal from year to year for a period of fifteen years in the event that the plaintiff paid the requisite premiums " on the 12th day of January in each succeeding year."

The provision that the policy was to be effective only " in consideration of the payment in *advance* " of the specified premium clearly signifies that such payment was a condition precedent to the continuance of the risk for a particular succeeding year. The obvious intendment of the provisions of the policy, above referred to, is that the defendant's obligation to the assured terminated at the end of each yearly period for which the premium had been paid. Plaintiff admittedly did not pay the premium on January 12, 1938, or during the period of grace, to require the company to extend coverage for the next following term. He, therefore, reveals in such respect that no basis for relief exists upon the first cause of action. Motion granted.