FRIEDA RASMUSSEN and WILLIAM RASMUSSEN, Appellants, v. FISHKIND BUILD- ING CORPORATION, Respondent.— Order granting motion of defendant for an order to cancel a surety company undertaking and to serve and file, in lieu thereof, an undertaking in the sum of $5,000, reversed on the law, with ten dollars costs and disbursements, and motion denied, without costs. The mistake of the insurer precluded the plaintiffs from enforcing the judgment against the defendant pend- ing the appeal, and so it may not be said that the substitution of an undertaking in smaller amount, after affirmance, would be harmless. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

ETHEL RUDMAN and LOUIS RUDMAN, Respondents, v. LOUIS P. BANCHERI, Appellant.— Order denying the defendant's motion to dismiss the plaintiffs' complaint pursuant to rule 107 of the Rules of Civil Practice, on the ground that the causes of action alleged in the complaint did not accrue within the time limited by law and are barred by the Statute of Limitations (Civ. Prac. Act, § 50), reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Under the facts alleged in the complaint, the defendant, a pharmacist, was practicing medicine as defined by subdivision 7 of section 1250 of the Education Law (as added by Laws of 1927, chap. 85), although not qualified or licensed as a physician. Recovery may be had in such an action as this only if the defendant's treatment of the plaintiff fell short of the professional standards of skill and care prevailing among those who offer treatment lawfully. (*Brown* v. *Shyne*, 242 N. Y. 176.) The allegation in the complaint that the defendant " failed to exercise due care, caution and prudence in the premises " with injurious results, classifies this action as one in malpractice, against which the limitation of the statute (Civ. Prac. Act, § 50) has run. (*Monahan* v. *Devinny*, 223 App. Div. 547.) Lazansky, P. J., Hagarty, Carswell and Close, JJ., concur; Adel, J., dis- sents and votes to affirm on the authority of *Isenstein* v. *Malcomson* (227 App. Div. 66). [175 Misc. 415.]

PALMIANO SACCO, Respondent, v. STATEN ISLAND RAPID TRANSIT RAILWAY Co., Defendant, and M. & J. TRACY, INC., Appellant.— Order denying appellant's motion for judgment on the ground that it appears from the pleadings and bill of particulars that plaintiff is entitled to compensation for his injuries under the Longshoremen's and Harbor Workers' Compensation Act,█ and not entitled to sue under the Jones Act,† affirmed, with ten dollars costs and disbursements. Whether the plaintiff was or was not a member of the crew is a question of fact, to be determined upon the proof adduced. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

MAX SCHILLER, Appellant, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY, Respondent.— Order denying plaintiff's motion and granting defendant's cross- motion for judgment on the pleadings as to the first cause of action set out in the complaint, in respect of a certain policy of accident and health insurance, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur. [172 Misc. 445.]

—————

† See U. S. Code, tit. 46, § 688 *et seq.*— [REP.