(No. 3834—Decided December 22, 1941.)

*Mr. Ira J. Pettiford,* for appellant.

*Messrs. Yager, Bebout & Stecher,* for appellees.

OVERMYER, J. This is a malpractice action, which was filed in Common Pleas Court on May 9, 1941, by the appellant as plaintiff against the defendants, appellees herein, who are attorneys at law, duly admitted to practice in this state. The action sought a recovery for alleged nonfeasance in the handling of plaintiff's claims under the Ohio workmen's compensation law.

The petition of plaintiff asserted two causes of action, based upon the following alleged substantive facts:

Plaintiff, in 1934 and theretofore, was an employee of The Spicer Manufacturing Company of Toledo, Ohio, a self-insurer under the provisions of the Ohio

workmen's compensation law. On March 5, 1934, while in the course of his employment, an accident occurred as a result of which he lost the sight of both eyes. Under the provisions of the Ohio workmen's compensation law the plaintiff, according to the allegations, was entitled to a compensation of $12.50 per week for the remainder of his life. On or about September 17, 1935, he employed the defendant, Harry P. Hood, an attorney at law of Toledo, Ohio, to present and prosecute a claim for compensation under the provisions of the Ohio workmen's compensation law. The defendant Hood thereupon engaged to assist him the defendant, Verner E. Wardlaw, an attorney at law of Columbus, Ohio. It is alleged that both defendants, for a valuable consideration, accepted the employment and were given, by plaintiff, a full and complete statement of the facts upon which plaintiff's claim for compensation was based.

It is then charged that the defendants carelessly, negligently and wantonly neglected and refused to file such claim or any claim with the Industrial Commission of Ohio, or to prepare and file due and timely notice in writing with the employer, a self-insurer, as required by law, and continued to be so negligent and remiss in their duties until March 22, 1937, when for the first time defendants filed such claim, but only when and after the same was barred by the two-year limitation after injury (Section 1465-72a, General Code) and that plaintiff's claim was later dismissed by the Industrial Commission upon the plea of the statute of limitations by the employer. It is also alleged that, plaintiff's claim being barred by statute, he was later forced to accept a voluntary settlement from the self-insurer, employer, in the sum of $6,000 on May 17, 1940, and that a check for that sum, issued to him by the employer was, under coercion of defendants, endorsed by him and turned over to defendants, where-

upon defendants kept and appropriated such check and issued to plaintiff their check for $4,250, retaining $1,750 for themselves.

The first cause of action, based upon the charges of malpractice, was followed by a prayer for the sum of $15,250. The second cause of action, based upon claims for money had and received, prays for the recovery of $1,750, representing the sum retained by defendants out of the check issued to plaintiff by the employer in settlement of his claim.

1. In the Common Pleas Court the defendants demurred to the first cause of action, pleading the bar of the statute of limitations. The demurrer was sustained and the petition dismissed as to that cause of action, and this is one of the assignments of error.

The judgment of the trial court in this respect must be affirmed.

Section 11225, General Code, provides as follows:

"An action for libel, slander, assault, battery, malicious prosecution, false imprisonment or *malpractice,* * * * shall be brought within one year after the cause thereof *accrued.*" (Italics ours.)

Plaintiff contends his cause of action did not "accrue" until the relationship between himself, as client, and the defendants, as his attorneys, had terminated, which would be after May 19, 1940, when the settlement for $6,000 with the employer was consummated. However, harsh as the law may be in its application to individual cases, the contention of plaintiff cannot be sustained for it is not the law to be applied in cases for malpractice by attorneys, though it is generally the rule applied in cases arising between patient and physician or surgeon. See *Bickel* v. *Whitacre,* 29 Ohio Law Abs., 256; 37 Corpus Juris, 830, Section 179; 34 American Jurisprudence, 146, Section 182; 17 Ruling Case Law, 766, Section 132; *Wilcox* v. *Exrs. of Plummer,* 29 U. S. (4 Pet.), 172, 7 L. Ed., 821; *City of El*

*Paso* v. *West,* 102 F. (2d), 927, 929 (certiorari denied, 308 U. S., 587, 84 L. Ed., 492, 60 S. Ct., 111); *Fox* v. *Jones* (Tex. Civ. App.), 14 S.W., 1007; annotation 118 A. L. R., 215.

Many additional authorities might be cited on the point that, in the absence of fraud or concealment on the part of the attorney (which is not here alleged) the statute of limitations in cases charging malpractice by malfeasance or nonfeasance on the part of an attorney at law begins to run (that is, the cause of action "accrues") when the acts constituting the malpractice occur—in this case when the defendants permitted the time to expire within which plaintiff's claim could be presented and prosecuted to escape the bar of the statute of limitations on the claim.

From the language in the opinion in *Bowers* v. *Santee,* 99 Ohio St., 361, 367, 124 N. E., 238, a patient-surgeon case, a forceful illustration may be drawn as to why the rule generally applied as to the "accrual" of a cause of action for malpractice in cases of patient and physician or surgeon should not be applied in cases between client and attorney. It is there said:

"The treatment did not include merely the immediate and isolated resetting or reduction or adjustment, but manifestly the subsequent care and treatment by the surgeon was as essential to full recovery and restoration of usefulness as was the initial setting. * * *

"Moreover, it is clearly just to the surgeon that he be not harassed by any premature litigation instituted in order to save the right of the patient in the event that there be substantial malpractice. The surgeon should have all reasonable time and opportunity to correct the evils which made the operation or treatment necessary, and even reasonable time and opportunity to correct the ordinary and usual mistakes incident to even skilled surgery."

What opportunity "to correct the evils" could an

attorney at law have, or what opportunity "to correct the ordinary and usual mistakes incident" to the practice of law, in a case where he did nothing for eighteen months and not until after the statute of limitations had barred his client's claim? What "aftercare" could he then give the claim to mitigate his client's damage or overcome the results of his own delinquency?

2. The second cause of action, wherein plaintiff seeks recovery of the $1,750 allegedly retained by defendants, presumably for fees, out of the $6,000 settlement check paid to plaintiff by the employer, was attacked in the trial court by a motion to strike the entire cause of action upon the ground that it is surplusage and seeks a recovery of the same damages set up in the first cause of action.

This motion, and the demurrer to the first cause of action, were submitted together and journalized in the same entry. The demurrer was sustained to the first cause of action. The part of the entry on the motion to strike provides as follows:

"Whereupon, the court being fully advised in the premises, finds * * * that the motion to strike is likewise well taken and should be granted. * * *

"It is further ordered, adjudged and decreed that the motion of the defendant to strike the second cause of action from plaintiff's petition be and the same hereby is granted and the allegations of said cause of action are hereby ordered stricken from said petition, *with the privilege to plaintiff of bringing an independent action on the second cause of action set forth in the petition herein.*" (Italics ours.)

Since the italicized part of the above entry is mere surplusage and adds nothing to the order in fact made, it is obvious that no final order on the second cause of action is before this court, and the appeal thereon is dismissed.

The judgment is affirmed as to first cause of action; the appeal is dismissed and the cause remanded as to second cause of action.

*Judgment accordingly.*

LLOYD and CARPENTER, JJ., concur.