G-eobge Starke, J.
Plaintiffs seek to recover on a policy of insurance issued by defendant which provided coverage in the event of an accident with an uninsured automobile owner. The complaint is predicated on the contract of insurance and reference thereto is made by policy number only. For reasons that will become obvious in a moment, plaintiffs did not set forth in their complaint any of the basic terms of the policy. All that is alleged is the issuance of the policy by date and number, the accident with the alleged uninsured automobile and demand upon defendant for payment to the limit of this court’s jurisdiction in the prime action and for a lesser sum in the derivative action for loss of services. The answer denies the material allegations of the complaint, admits the issuance of the policy and affirmatively pleads a failure on plaintiffs’ part to comply with certain conditions precedent in the policy and that under the terms of the policy no action can lie until the conditions precedent are complied with. The indorsement to the policy upon which plaintiffs’ action is bottomed is annexed to the answer and incorporated therein by reference.
Defendant moves for judgment on the pleadings under rule 112 and plaintiffs cross-move to strike out the affirmative defense under rule 109 of the Rules of Civil Practice as insufficient in law.
The cross motion can be disposed of readily. The affirmative defense is not a model pleading. Under a general denial the defendant can put plaintiffs to the task of proving coverage under the policy. The burden of pleading and proving coverage, and the absence of situations giving rise to the exclusionary clauses in a policy, is on the plaintiffs (see Stawski v. John *982 Hancock Mut. Life Ins. Co., 7 Misc 2d 424, and cases cited therein). There can be no objection to a defense that focuses sharply the precise issue to be met with at a trial, contained in the very contract sued upon but not revealed in the complaint.
Had all of the terms of the indorsement to the policy been disclosed in the complaint it would have revealed that the company agreed to pay damages for injury caused by an uninsured automobile under specified conditions and — “ the amount of damages the insured is entitled to recover hereund&r shall be fixed by agreement between the insured and the company or if such agreement proves impossible by appraisal.”
The appraisal provision is in the nature of an arbitration with each side selecting an appraiser who choose the umpire and — “ An award in writing of any two shall determine the amount due the insured under the terms of this endorsement.” In simple language the policy provides “ no action shall lie against the company unless, as a condition precedent thereto, the insured or his representative has complied fully with all of the terms of this endorsement.”
Can plaintiffs avoid the impact of the conditions precedent in the policy upon which they sued (an effort to agree on damages, its failure, appraisal or its waiver) by not disclosing its pertinent terms'? Obviously, if these terms appeared in the complaint, defendant’s motion would have to be granted for a failure to allege compliance with the conditions precedent (Schiller v. Pacific Mut. Life Ins. Co., 172 Misc. 445, affd. 260 App. Div. 957).
A motion for judgment on the pleadings is treated as though made at the trial and governed by the same rules as would then be applicable (Olsen v. Singer Mfg. Co., 143 App. Div. 142). On the trial, plaintiffs would have to expose the policy on which they sue. The motion to dismiss their complaint for a failure to comply with the conditions precedent would have to be granted (Schiller v. Pacific Mut. Life Ins. Co., supra). Should the court then relegate the parties to needless time, effort and expense ; wade through bills of particulars, examinations before trial and pretrial conferences; or set them aright so that they might proceed with the course properly charted? The latter alternative appeals to this court.
Furthermore, where a plaintiff moves to strike a defense as insufficient in law, the court may dismiss the complaint if it fails to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 109, subd. 6). For a motion by plaintiff addressed to the answer searches the record and presents for determination the sufficiency of the complaint itself (Sack v. New York Times *983 Co., 56 N. Y. S. 2d 794; Mattingly v. News Syndicate Co., 192 Misc. 610). Thus considered, the same result is inevitable, a failure to at least allege compliance with the conditions precedent in the policy, bars an action at this point. In suing- on a contract one may not eke- out those portions which ostensibly might spell out an action and disregard the provisions concomitant therewith that bar such an action, without running the risk of a dismissal.
In an analogous case, Valentin v. Empire Mut. Ins. Co. (Mun. Ct., 2d Disk, Bronx, Index No. 8488,1957), Mr. Justice Tbimarco granted defendant’s motion for judgment on the pleadings, saying : 1 ‘ Upon the foregoing papers this motion is granted. The terms of the insurance contract are clear; there is no ambiguity though the use of the word ‘ appraisal ’ may be inappropriate. Section 4 of the endorsement compels compliance with provisions of Section 5 thereof. The court cannot rewrite the contract for the parties. Remedial measures are for the legislature.”
Plaintiffs’ motion is denied and defendant’s motion is granted dismissing- the complaint, without costs and without prejudice to any action that plaintiffs may be advised to take after complying with the conditions precedent of their policy of insurance.