Vincent A. Ltjpiano, J.
Defendant moves for dismissal of the complaint upon the ground that the action therein described is time barred. If the stated causes are for malpractice they are barred. 'The court is not confronted with 'any question of sufficiency of the alleged causes nor plaintiff’s ability to prove the claims.
In the first cause, plaintiff alleges that the defendant had contracted to perform exclusively and personally upon plaintiff a 1 ‘ Caldwell-Luc ’ ’ operation; that said operation was performed during anesthesis and without plaintiff’s consent in part, if not in whole, by a surgeon other than the defendant; that in fact a “ Caldwell-Luc” operation was not performed upon her and that defendant in failing to perform said operation exclusively and permitting its performance by another, in whole or in part, breached the contract.
In the second cause of action, it is alleged that subsequent to the operation defendant represented that he had performed it himself and that he had performed a “ C'aldwell-Luc ” operation without the participation of any other person. The representation was false in that the operation was performed in a major part thereof by a surgeon other than the defendant. Upon discovery of the facts plaintiff was advised that in order to save her life the performance of a “ Caldwell-Luc” operation was necessary. The breach thus alleged is not in negligent performance, which despite nomenclature would constitute a cause in malpractice, but rather a total failure of performance *257 with respect to sole conduct of a “ Caldwell-Lue ” operation which was the operation to he undertaken with plaintiff’s consent. The deceit is not with respect to the manner of performance of the contract or of any incident thereof, but rather with respect to the stated fact that the operation was performed and that it was performed by the defendant.
The motion is denied.