■ Louis M. Wolff, Appellant, v. Jamaica Hospital, Respondent.— In an action: (1) to recover damages for personal injuries allegedly caused by the careless and negligent conduct of defendant's nurses and employees (first

cause of action); and (2) for breach of contract or warranty (second cause of action), the plaintiff, a former patient in defendant's hospital, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, entered June 23, 1959, as grants defendant's motion for summary judgment dismissing the first cause of action of the complaint (Rules Civ. Prac., rule 113). Order, insofar as appealed from, reversed, with $10 costs and disbursements, and motion to dismiss the first cause of action of the complaint, denied. The learned Special Term construed the first cause of action as being one for malpractice and dismissed it on the ground that it was barred by the two-year Statute of Limitation (Civ. Prac. Act, § 50, subd. 1). In our opinion the complaint states a cause of action in negligence only. No negligent acts are alleged against any physician or surgeon but only against nurses and other employees of defendant. In view of this the action may not be deemed to be one for malpractice (cf. *Gautieri* v. *New Rochelle Hosp. Assn.*, 4 A D 2d 874, affd. 5 N Y 2d 952). The liability of hospitals for the negligent acts of its nurses and administrative employees places this case within the rule of law enunciated in *Bing* v. *Thunig* (2 N Y 2d 656); *Becker* v. *City of New York* (2 N Y 2d 226) and *Berg* v. *New York Soc. for Relief of Ruptured & Crippled* (1 N Y 2d 499). Beldock, Acting P. J., Kleinfeld, Pette and Brennan, JJ., concur; Ughetta, J., concurs in result.