Cheshire,
No. 5212.

JAMES K. BLASTOS *v.* ELLIOT COMMUNITY HOSPITAL.

Argued April 9, 1964.
Decided June 2, 1964.

*Bradley & Bradley* and *McLane, Carleton, Graf, Greene & Brown* (*Mr. Homer S. Bradley, Jr.* orally), for the plaintiff.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse* (*Mr. Morse* orally), for the defendant.

KENISON, C.J.    The single issue in this case is whether the plaintiff's action is controlled by the two-year limitation or the six-year limitation in RSA 508:4. That statute provides as follows: "PERSONAL ACTIONS.    Actions of trespass to the person,

*actions for malpractice,* and actions for defamatory words may be brought within two years, and all other personal actions within six years, after the cause of action accrued, and not afterward." (Emphasis supplied). This statute is in substantially the same form as it appeared in the General Statutes enacted in 1867 except for the amendment of 1937 which added the phrase "actions for malpractice." Laws 1937, 21:1. *Ferry* v. *Ferry,* 94 N. H. 395, 396. The 1937 amendment was enacted without opposition and without substantial change in either Senate or House, and there is little in the legislative history which throws light upon its meaning. Journal of New Hampshire Senate and House of Representatives 1937 (Senate Bill No. 34), Senate Journal 47, 69, 72, 101, 115, 136; House Journal 218, 267, 272, 295, 346, 361. We do know that the bill was supported in the Senate by a physician and an attorney of the "N. H. Medical Society," (Senate Committee, Revision of Laws, *p.* 40, February 9, 1937). Likewise the bill was supported in the House by a physician and the attorney for the Medical Association. House Committee Revision of Statutes, *p.* 142 (February 19, 1937).

At the time the 1937 amendment was enacted the word "malpractice" had been used in this state to describe actions against physicians and surgeons or dentists or those practicing Christian Science. *April* v. *Peront,* 88 N. H. 309; *McQuaid* v. *Michou,* 85 N. H. 299, 300; *Hawkins* v. *McGee,* 84 N. H. 114; *McBride* v. *Huckins,* 76 N. H. 206, 208, 209, 213, 214; *Spead* v. *Tomlinson,* 73 N. H. 46; *Haynes* v. *Ordway,* 58 N. H. 167, 168; Reporter's note, 51 N. H. 73; *Vittum* v. *Gilman,* 48 N. H. 416, 418. Also since the 1937 amendment actions by patients against physicians for improper care or treatment have been considered malpractice actions. *Michael* v. *Roberts,* 91 N. H. 499; *Mehigan* v. *Sheehan,* 94 N. H. 274; *Beane* v. *Perley,* 99 N. H. 309; *Lakeman* v. *LaFrance,* 102 N. H. 300; *Cloutier* v. *Kasheta,* 105 N. H. 262. However actions by patients against hospitals for improper care or treatment have been decided in terms of the usual action for negligence rather than for the specific type of conduct which is denominated malpractice. *Welch* v. *Hospital,* 90 N. H. 337; *Carrigan* v. *Sacred Heart Hospital,* 104 N. H. 73. See *Roewekamp* v. *New York Postgraduate Medical School and Hospital,* 254 App. Div. 265; Annot. 89 A.L.R. 2d 1180; Roady & Andersen, Professional Negligence, vi-vii (1960).

The question before us is whether the Legislature sought to place hospitals in the same category as physicians and surgeons when it provided a two-year limitation for "actions for malpractice." The legislative history of the 1937 amendment, the history of judicial decisions in this field and the legislative sponsorship of the amendment indicate that the phrase "actions for malpractice" had a limited meaning and there is no indication that hospitals were to be included in the short two-year limitation period. A short-limitation period is not to be extended by implication in view of the legislative history which has confined short-limitation periods to definite categories. Whenever a personal injury suit is to be subject to a short-limitation period, the Legislature has been careful to make its intention clear. See RSA 508:4-a (supp); Laws 1955, ch. 220. We conclude that the statutory limitation in tort actions against hospitals is six rather than two years. The denial of the motion to dismiss was proper and the order is

*Exceptions overruled.*

All concurred.