## KAMBAS *v.* ST. JOSEPH'S MERCY HOSPITAL OF DETROIT, MICHIGAN

### OPINION OF THE COURT

1. NEGLIGENCE—MALPRACTICE—STATUTES OF LIMITATION—SCOPE OF COVERAGE—LEGISLATIVE INTENT.

    The legislative intent in the two-year statute of limitations for malpractice actions is to treat all state-licensed professions in the same manner (MCLA §§ 600.2912, 600.5838.)

2. NEGLIGENCE—MALPRACTICE—NURSES—REGISTERED NURSES.

    A registered nurse is a member of a profession and may be held liable if she deviates from the standards of her profession; since a registered nurse is liable as a professional, a registered nurse is entitled to the benefits of the two-year malpractice statute of limitations (MCLA §§ 338.1152, 600.2912, 600.5838).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 49.
   41 Am Jur, Physicians and Surgeons §§ 122, 123.
[2, 4–6] 41 Am Jur, Physicians and Surgeons §§ 122, 123.
[3] 51 Am Jur 2d, Limitation of Actions § 251.
[7] 50 Am Jur, Statutes § 275.
[8] 50 Am Jur, Statutes § 454.
   Resort to constitutional or legislative debates, committee reports, journals, etc., as aid in construction of constitution or statute. 70 ALR 5.

3. NEGLIGENCE—MALPRACTICE—STATUTE OF LIMITATIONS—PRINCIPAL AND AGENT.

A statute of limitations that bars a claim against an agent equally protects those in whose behalf he acted as agent where there are no circumstances of equity to prevent the operation of the statute in the principal's favor.

4. NEGLIGENCE—MALPRACTICE—NURSES—PRINCIPAL AND AGENT—STATUTE OF LIMITATIONS.

A claim against a hospital whose nurses allegedly caused personal injury by their negligent administration of drugs was barred by the statute of limitations governing malpractice actions where the two-year limitation period has run and where the theory upon which the hospital's liability was based was one of vicarious liability, plaintiff not having alleged any negligence on the part of the hospital itself.

DISSENT BY LEVIN, J.

5. NEGLIGENCE—NURSES—STATUTE OF LIMITATIONS—MALPRACTICE

*The two-year statute of limitations for malpractice actions applies only to actions charging malpractice by physicians, surgeons, or dentists; the three-year limitation period for tort actions applies to an action claiming that the negligence of nurses employed by a hospital caused plaintiff's injuries (MCLA § 600.5805).*

6. NEGLIGENCE—MALPRACTICE—DEFINITION—STATUTE OF LIMITATIONS.

*Malpractice, for the purpose of two-year statute of limitations, means an action charging malpractice against physicians, dentists, and surgeons (MCLA § 600.5805).*

7. STATUTES—STATUTORY REVISION—CONSTRUCTION—PRESUMPTION.

*A presumption exists that the sections of a general revision statute have the same meaning as the original sections, notwithstanding an alteration in phraseology.*

8. STATUTES—GENERAL REVISION—CONSTRUCTION—REVISER'S NOTES.

*The notes of the revisers of a general revision of the laws are authoritative guides to legislative intent.*

Appeal from Washtenaw, John W. Conlin, J. Submitted Division 1 March 9, 1971, at Detroit. (Docket No. 10091.) Decided April 26, 1971. Leave to appeal granted, 385 Mich 786.

Complaint by Louis Kambas against St. Joseph's Mercy Hospital of Detroit for damages for injuries from the negligent administration of drugs by registered nurses employed by the hospital. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Ripple and Chambers, P. C.* (by *Donnelly W. Hadden*), for plaintiff.

*Keyes, Creal & Hurbis,* for defendant.

Before: DANHOF, P. J., and McGREGOR and LEVIN, JJ.

DANHOF, J. On January 17, 1969, the plaintiff commenced this action seeking to recover for damages which were allegedly inflicted in April of 1966. The defendant moved for an accelerated judgment under GCR 1963, 116.1(5) on the basis of the two-year statute of limitations governing malpractice actions, MCLA 600.5805(3) (Stat Ann 1962 Rev § 27A-.5805[3]).

The plaintiff had suffered a heart attack and had been admitted to the defendant hospital for treatment. Part of the treatment consisted of administering anticoagulants. The plaintiff contends that these drugs were negligently administered by registered nurses who were employed by the defendant.

On appeal the plaintiff raises two issues. First, does the malpractice statute of limitations apply to bar an action charging negligence by a registered nurse in the performance of her duties? Second, even if an action directly against a registered nurse is barred by the two-year statute of limitations, does that statute bar an action against her employer hos-

pital commenced within three years? We conclude that both of these questions must be answered in the affirmative.

MCLA § 600.2912 (Stat Ann 1962 Rev § 27A.2912) provides:

"A civil action for malpractice may be maintained against any person professing or holding himself out to be a member of a state licensed profession. The rules of the common law applicable to actions against members of a state licensed profession, for malpractice, are applicable against any person who holds himself out to be a member of a state licensed profession."

The committee comment to this statute reads:

"The source section pertained only to physicians and surgeons. Note that the broadening of this section does not create a new cause of action. Members of state licensed professions are liable for malpractice at common law, as are unlicensed persons. What this section does is to hold the unlicensed person to the standard of care to which a member of the state licensed profession would be held, instead of to the standard of care of a layman, to which unlicensed persons are held at present."

MCLA § 600.5838 (Stat Ann 1962 Rev § 27A.5838) provides:

"A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose."

These statutes certainly indicate that the Legislature has intended to treat all professions in the

same manner.   If registered nursing is a profession, as that term is used in the Revised Judicature Act, the malpractice statute of limitations must be applied.

The Legislature has defined the duties of a registered nurse, MCLA 1971 Cum Supp § 338.1152 (Stat Ann 1969 Rev § 14.694[2]):

"(c) 'Practice of professional nursing' means the performance for compensation:

(i) Of any act requiring substantial specialized judgment and skill founded on formal education which provides knowledge and application of the principles of nursing based on biological, physical and social sciences, in the care, counsel, treatment or observation of the ill, injured or infirm, or for the maintenance of the health or the prevention of illness of others.

(ii) Of the supervising, directing or teaching of less skilled personnel in the carrying out of delegated nursing activities."

In Prosser, Torts (3d ed), pp 164, 165, the following statement is found:

"Professional men in general, and those who undertake any work calling for special skill, are required not only to exercise reasonable care in what they do, but also to possess a standard minimum of special knowledge and ability.   Most of the decided cases have dealt with physicians and surgeons, but the same is undoubtedly true of dentists, pharmacists, psychiatrists, attorneys, architects and engineers, accountants, abstractors of title, and many other professions and even skilled trades."

In the light of all of this it is clear that a registered nurse is a member of a profession and may be held liable if she deviates from the standards of that profession.   It would indeed be anomalous to hold that

she is not entitled to the benefit of the malpractice statute of limitations.

In dealing with the plaintiff's second contention, the trial court held that the malpractice statute of limitations barred an action against the hospital and quoted the following from 34 Am Jur, Limitation of Actions, § 386:

" 'A statute that bars a claim against an agent equally protects those in whose behalf he acted as agent, where there are no circumstances of equity to prevent the operation of the statute in their favor.' "

We agree with the trial court. The plaintiff contends that the hospital is vicariously liable for the nurses' malpractice. He does not contend that the hospital is guilty of any negligence of its own. On these facts, the malpractice statute of limitations applies to an action against the hospital. The statute cannot be avoided merely by changing defendants.

Affirmed, costs to the defendant.

McGregor, J., concurred.

Levin, J. (*dissenting*). I dissent because I am convinced by the legislative history of the Revised Judicature Act that the two-year statute of limitations for malpractice actions applies only to actions charging malpractice by physicians, surgeons, or dentists, and that the three-year period for tort actions generally applies in this action claiming that negligence of nurses employed by the defendant hospital caused plaintiff's injuries.

Under the Judicature Act of 1915[1] the statute of limitations for actions charging "malpractice of

---

[1] PA 1915, No. 314.

physicians, surgeons or dentists" was two years. The time for bringing malpractice actions against other persons was governed by the general three-year limitation period applicable to actions to recover damages for injuries to persons or property.[2]

The limitation periods for tort actions are now embodied in § 5805 of the Revised Judicature Act. It is there provided that actions to recover damages for injuries to person or property shall be commenced within two years if the action charges "malpractice" and within three years "for all other actions to recover damages for injuries to persons and property".[3] "Malpractice" is not defined in RJA § 5805.

---

[2] "2. Actions to recover damages for injuries to person or property and actions for trespass upon land shall be brought within 3 years from the time said actions accrue, and not afterwards;"

"3. Actions against sheriffs for the misconduct or neglect of themselves, or their deputies, for assault and battery, for false imprisonment, for malicious prosecution, for malpractice of physicians, surgeons or dentists, all actions for the recovery of any penalty or forfeiture on any penal statute brought in the name of the people of this state, and actions brought to charge any surety for costs, or on bond or recognizance given on appeal from any court in this state, shall be brought within 2 years from the time the cause for action accrues, and not afterwards." CL 1948, § 609.13 (Stat Ann § 27.605).

[3] "No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

"(1) The period of limitations is 2 years for actions charging assault, battery, and false imprisonment.

"(2) The period of limitations is 2 years for actions charging malicious prosecution.

"(3) The period of limitations is 2 years for actions charging malpractice.

"(4) The period of limitations is 2 years for actions against sheriffs charging misconduct or neglect of office by themselves or their deputies.

"(5) The period of limitations is 2 years after the expiration of the year for which a constable was elected for actions based on his negligence or misconduct as constable.

"(6) The period of limitations is 1 year for actions charging libel or slander.

The Revised Judicature Act was drafted by the Joint Committee on Michigan Procedural Revision appointed pursuant to resolutions of the Supreme Court, the Legislature, and the State Bar of Michigan. The committee's final report was transmitted on November 15, 1959; the committee note for § 5805 comments as follows:

"Section [5805] is a *compilation* of the limitations of the general tort remedies. *Existing time periods have been used.*" (Emphasis supplied.)[4]

The "existing time period" (under the Judicature Act of 1915) for malpractice actions against persons other than physicians, surgeons, or dentists was three years. We should therefore ascribe to the word "malpractice," as used in RJA § 5805, a meaning consistent with the representation of the draftsmen to the Supreme Court, the Legislature, and the profession, namely, that "malpractice," as used in § 5805, means actions charging malpractice against physicians, surgeons, or dentists.

In this connection, it is noteworthy that none of the limitation periods set out in RJA § 5805 were changed from the periods contained in the source sections.[5]

My colleagues point out that the committee note accompanying another section of the Revised Judicature Act, § 2912,[6] states that "the source section

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property." MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

[4] Reprinted as an annotation to MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

[5] The source sections are CL 1948, § 41.81 (Stat Ann § 5.73), concerning actions against constables, and CL 1948, § 609.13 (Stat Ann § 27.605) concerning the other actions described in RJA § 5805.

[6] MCLA § 600.2912 (Stat Ann 1962 Rev § 27A.2912).

pertained only to physicians and surgeons".[7]    The
substitution in RJA § 2912 of the phrase "member of
a state licensed profession" for the phrase "physi-
cians and surgeons" in its source section, indicates
to me that the draftsmen of the Revised Judicature
Act, when they decided to broaden the scope of
a judicature act provision concerning malprac-
tice actions, manifested their intent to do so in
clear language.   Moreover, RJA § 2912, in holding
all "professional" imposters to the standard of care
of the profession they purport to be a member of,
states a rule of law which the courts, no doubt,
would reach independently of statute.[8]

RJA § 5805, which does not define "malpractice",
is ambiguous as to whether its two-year limitational
period is to apply (a) to all actions charging mal-
practice against any professional person—both those
required to be state licensed and those not required
to be licensed alike or (b) only to actions against
members of professions required to be state licensed,
or (c), as in the source section, only to actions
against a physician, surgeon, or dentist.

By far the largest number of malpractice actions
are commenced against doctors.   And this was even
more true in the late 1950's, when the drafting of
the Revised Judicature Act was under way, than it
is today.

While malpractice is, generically, the failure of a
professional person to adhere to the standard of

---

[7] The source section, CL 1948, § 620.29 (Stat Ann § 27.1379),
spoke of a person "professing or holding himself out to be a physician
or surgeon" while RJA § 2912 speaks of a "person professing or
holding himself out to be a member of a state licensed profession."
Under RJA § 2912 one who holds himself out to be a member of a
state-licensed profession is held to the standard of care to which a
member of the profession is held, not the standard of care of a
layman.

[8] See Hawkins, Practice Commentary, 33 MCLA § 600.2912, p
657.

conduct required of a person who is a member of or holds himself out to be a member of his profession,[9] the term also has a restricted meaning, namely, an action for negligence against a physician or surgeon.[10] When a person speaks of a malpractice action, the first thought that comes to mind is that the speaker is talking about a lawsuit against a physician.

When the Legislature first enacted a short statute of limitations for malpractice actions, it expressly incorporated that restricted meaning: "malpractice of physicians, surgeons or dentists".

It has been said that there is a presumption that sections of a general revision "have the same meaning as the original section[s], and this notwithstanding there is alteration in the phraseology".[11]

"In the codification of statutes the general presumption obtains that the codifiers did not intend to change the law; and mere changes of phraseology or punctuation, or the addition or omission of words, or the rearrangement of sections or parts of a statute, or the placing of portions of what formerly was a single section in separate sections, does not operate to change the operation, effect or meaning of the statute unless the changes are of such nature as to manifest clearly and unmistakably a legislative intent to change the former law." *State, ex rel. Johnson,* v. *Broderick* (1947), 75 ND 340, 343 (27 NW2d 849, 852).

---

[9] See Black's Law Dictionary (4th ed); Ballentine's Law Dictionary (3d ed); The Random House Dictionary of the English Language.

[10] "Malpractice" is defined in the Oxford Universal Dictionary (3d ed) as "improper treatment or culpable negligence of a patient by a physician." *Cf. Delahunt* v. *Finton* (1928), 244 Mich 226, 230, where the Michigan Supreme Court declared: "Malpractice, in its ordinary sense, is the negligent performance by a physician or surgeon of the duties devolved and incumbent upon him on account of his contractual relations with his patients."

[11] City of *Redfield* v. *Wharton* (1962), 79 SD 557, 564 (115 NW2d 329, 332).

"It is well settled that where statutes are revised and consolidated a change in phraseology does not import a change in the law unless the intent of the legislature to alter the law is evident or the language of the new act is palpably such as to require a different construction." *United States* v. *Thompson* (CA 2, 1963), 319 F2d 665, 669.[12]

Not only does the foregoing rule of construction militate against imputing to the Legislature a purpose to change the meaning of the source section, but in this case we have a clear statement by the revisers that they did not intend any change in meaning: "Existing time periods have been used".

Many courts have recognized that revisers' notes are "authoritative guides" to legislative intent.[13]

Where courts have been free to define "malpractice" as used in a statute of limitations, because the legislature had not defined the term, they have given it a restricted meaning. The New York Court of Appeals held that its Civil Practice Act, "in so far as it prescribes a limitation in actions to recover damages for malpractice, refers to actions to recover damages for personal injuries resulting from the misconduct of physicians, surgeons, and others practicing a profession similar to those enumerated" and, therefore, did not govern the time for bringing an action to recover for the alleged negligence of public accountants.[14] In subsequent cases New York

---

[12] *Wilson* v *Miller* (1957), 144 Conn 212 (128 A2d 894); *Austro-Hungarian Consul* v. *Westphal* (1912), 120 Minn 122 (139 NW 300).

[13] *United States* v. *Thompson, supra,* p 669; similarly, see *People ex rel. Cohen* v. *Butler* (1908), 125 App Div 384, 388 (109 NYS 900, 903); *Austro-Hungarian Consul* v. *Westphal,* fn 12, *supra,* p 127; *Doll* v. *Stahl* (1953), 79 ND 843, 849 (59 NW2d 721, 726); *City of Redfield* v. *Wharton,* fn 11, supra, p 564; *Pfingsten* v. *Pfingsten* (1916), 164 Wis 308, 320 (159 NW 921, 925).

[14] *Federal International Banking Company* v. *Touche* (1928), 248 NY 517, 518 (162 NE 507, 508).

courts held that an action against a dentist[15] or a lawyer,[16] but not an action against a nurse,[17] is governed by the malpractice statute of limitations.[18]

In *Isenstein* v. *Malcomson* (1st Dept, 1929), 227 App Div 66, 67 (236 NYS 641, 643), the Appellate Division for the First Department, New York, in holding that an action for malpractice arising out of alleged negligence of a nurse was not governed by the malpractice statute of limitations, declared:

"We conclude that malpractice is to be considered in its primary meaning, and as generally understood by the ordinarily intelligent and reasonably informed person, and, in this respect, according to such common usage and acceptance, it has continuously been intended to import an improper treatment or culpable neglect of a patient by a physician or surgeon."

The Ohio Supreme Court, reasoning as did the New York courts, has also ruled that its malpractice statute of limitations does not apply to an action alleging negligence of a nurse. *Richardson* v. *Doe* (1964), 176 Ohio 370, 372 (199 NE2d 878, 880). Acknowledging that "today, the term, malpractice, is sometimes used loosely to refer to the negligence of any professional group," the court reasoned that the training, functions, and responsibility of a nurse were sufficiently different from those of a doctor or a lawyer to make extension of the short statute of limitations to cover nurses unwarranted. Earlier

---

[15] *Budoff* v. *Kessler* (2d Dept NY 1954), 284 App Div 1049 (135 NYS2d 717).

[16] *Siegel* v. *Kranis* (1968), 29 App Div 2d 477 (288 NYS2d 831).

[17] *Wolff* v. *Jamaica Hospital* (2d Dept. NY, 1960), 11 App Div 2d 801 (205 NYS2d 152).

[18] In *Rudman* v. *Bancheri* (2d Dept. NY, 1940), 260 App Div 957 (23 NYS2d 584), the malpractice statute of limitations was held applicable to an action against a pharmacist where it was alleged that he had operated on a customer.

the Ohio court had ruled that a surveyor is not protected by the short statute,[19] but that attorneys[20] and dentists[21] are so covered.

The New Hampshire Supreme Court reasoned that since "the word 'malpractice' had been used in this state to describe actions against physicians and surgeons or dentists or those practicing Christian Science," when the Legislature enacted a short statute of limitations for malpractice actions, it intended a "limited meaning" with the result that an action against a hospital was not an "action for malpractice". *Blastos v. Elliot Community Hospital* (1964), 105 NH 391, 392, 393 (200 A2d 854, 856).[22]

Some states have by express legislation extended the coverage of their short malpractice statutes of limitations to include hospitals and three states include nurses within the express definition,[23] but no state has gone as far as the majority in this case, whether by legislation or by judicial decree, and included professions not connected with the healing arts or the law, with the result that it appears that Michigan alone now provides the protection of the short statute to such state licensed professionals

---

19 *Wishnek* v. *Gulla* (Ohio Court of Common Pleas, 1953), 114 NE2d 914, 916.

20 *Galloway* v. *Hood* (1941), 69 Ohio App 278 (43 NE2d 631).

21 *Cox* v. *Cartwright* (1953), 96 Ohio App 245 (121 NE2d 673).

22 By amendment in 1969 the New Hampshire legislature eliminated the special treatment of malpractice actions with the result that all personal actions are now governed by the longer six-year statute. New Hampshire Rev Stat Ann, 1969 Supp, 508:4.

23 In making the foregoing statement regarding the statutes of other states, I have relied on the appendix attached to the defendant-appellee's brief which categorized the statutes of limitations of the various states into groups: (a) statutes which define "malpractice"; (b) statutes which use the word "malpractice" but do not define it (New York, Ohio, Nebraska and North Dakota; we could not find any relevant cases in Nebraska or North Dakota); (c) statutes of limitations which do not provide a special period for malpractice actions.

as embalmers, foresters, surveyors, landscape architects, and taxidermists.[24]

The decision of the various draftsmen of the Revised Judicature Act to make "the last treatment rule" applicable to all state-licensed professions,[25] but to retain "existing time periods" so that the short two-year statute for malpractice actions is applicable only to actions against physicians, surgeons, and dentists does, indeed, lack symmetry. I am, however, willing to sacrifice symmetry for implementation of the expressed intent of the draftsmen of RJA § 5805—no change of "existing time periods"—which, for want of evidence that the Legislature had some other intent, should be ascribed to the Legislature itself.

---

[24] In addition to physicians, surgeons, dentists, nurses and lawyers, state licenses are required for the following "professions", among others: foresters (MCLA § 338.722 [Stat Ann 1967 Rev § 13-.215(2)]), embalmers (MCLA § 338.865 [Stat Ann 1969 Rev § 14.509(5)]), landscape architects (MCLA § 338.1202 [Stat Ann 1971 Cum Supp § 18.84(102)]), and community planners (MCLA § 338.1354 [Stat Ann 1971 Cum Supp § 18.170(4)]).

In many cases the operative effect of the majority's construction can be avoided by finding that the injury caused by a professional person employed by the plaintiff is to a "financial expectation or economic benefit" rather than to his person or specific property as in *Schenburn* v. *Lehner Associates, Inc.* (1970) 22 Mich App 534, where we held that the time for bringing an action charging negligence of a surveyor employed by the plaintiff was governed neither by the two-year (malpractice) nor three-year (torts generally) periods but by the six-year period applicable to actions for breach of contract.

[25] See RJA § 5838 (MCLA § 600.5838 [Stat Ann 1962 Rev § 27A.5838].). The committee note indicates that this is a new provision based on the rule stated in *DeHaan* v. *Winter* (1932) 258 Mich 293. The section legislatively establishes the last treatment rule for determining when a malpractice claim accrues for the purpose of the statute of limitations. But see *Johnson* v. *Caldwell* (1963), 371 Mich 368, holding, as to an action to recover for personal injuries against a physician based on a claim of breach of contract that accrued before the effective date of the Revised Judicature Act, that the statute of limitations does not begin to run until the date of discovery or the date when by the exercise of reasonable care the patient should have discovered the wrongful act.