SIMPSON *v.* HUBERT

1. LIMITATION OF ACTIONS — MALPRACTICE — UNLICENSED PRACTITIONER.

   The short two-year statute of limitations applicable in malpractice cases to licensed professionals does not apply to actions against unlicensed practitioners who posed as licensed professionals (MCLA § 600.5805[3]).

2. LIMITATION OF ACTIONS—MALPRACTICE—UNLICENSED PRACTITIONER—STANDARD OF CARE—STATUTES.

   Statute providing that an impostor who held himself out as a member of a state-licensed profession is held in a malpractice action to the same standards as a licensed professional does not extend the two-year statute of limitations to impostors; the codification of the rule concerning the standard of care does not imply an intent to shorten the limitation period (MCLA §§ 600.2912, 600.5805[3]).

3. LIMITATION OF ACTIONS—MALPRACTICE—LICENSED PROFESSIONALS.

   The two-year statute of limitations for actions charging malpractice applies only to licensed professionals (MCLA § 600.5805[3]).

4. NEGLIGENCE — MALPRACTICE — STANDARD OF CARE — UNLICENSED PRACTITIONERS.

   The standard of care in a malpractice action against an impostor or a true member of the profession is the same, both are required to conform to the standard of care of a member of the profession.

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 June 10, 1971, at Detroit. (Docket No. 10075.) Decided August 24, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 51 Am Jur 2d, Limitation of Actions § 82 *et seq.*
[4] 57 Am Jur 2d, Negligence § 66 *et seq.*

Complaint by James Simpson against Raymond Hubert for misrepresentation, negligence, breach of contract, and breach of warranty. Complaint dismissed. Plaintiff appeals. Reversed and remanded for trial.

*Williams, Rains, Williams & Block,* for plaintiff.

*Wesley J. Roberts,* for defendant.

Before: Levin, P. J., and Quinn and V. J. Brennan, JJ.

Levin, J. The complaint of plaintiff, James Simpson, alleges that on March 29, 1967, the defendant, Raymond Hubert, contracted to make a set of dentures and to perform other dental services for the plaintiff. It is further alleged that the defendant was not a licensed dentist, that he falsely represented that he was licensed, and that the services were performed inadequately causing injury and expense to the plaintiff. The complaint states a count sounding in tort for misrepresentation and negligence and a count sounding in contract for breach of contract and warranty.

Plaintiff's action was commenced on March 16, 1970, within the three-year limitation period generally applicable to actions to recover damages for injuries to persons and property. See RJA § 5805 (7).[1] The defendant moved to dismiss on the ground that the action was for malpractice and it was not commenced within the two-year limitation period for "actions charging malpractice". See RJA § 5805 (3).[2] The trial judge granted the motion and the plaintiff appeals.

---

[1] MCLA § 600.5805(7)  (Stat Ann 1962 Rev § 27A.5805[7]).
[2] MCLA § 600.5805(3)  (Stat Ann 1962 Rev § 27A.5805[3]).

In *Kambas* v. *St. Joseph's Mercy Hospital* (1971), 33 Mich App 127, leave to appeal granted 385 Mich 786, we recently had occasion to consider this statutory provision (RJA § 5805[3])[3] providing a shorter limitation period for actions charging malpractice than for personal injury and property damage actions generally. A divided Court held that an action against a hospital for the negligence of a nurse was an action for malpractice because "malpractice" means an action for the professional misconduct of a person who is "a member of a state-licensed profession". I dissented saying that the term "malpractice", as used in RJA § 5805(3), refers only to actions against physicians, surgeons, or dentists.

The issue which divided the panel of our Court that decided the *Kambas* case need not be reconsidered in order to decide this case. We are persuaded that, for the purposes of RJA § 5805(3), whether an "action charging malpractice" means an action against any member of a state-licensed profession or is limited to actions against physicians, surgeons, or dentists, the Legislature did not intend that the short two-year statute of limitation applicable to actions against licensed professionals would limit the time for bringing an action against an unlicensed practitioner who poses as a licensed professional.

The defendant points out that under the provisions of RJA § 2912,[4] a person claiming to have been

---

[3] "No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section. * * *

"(3) The period of limitations is 2 years for actions charging malpractice." MCLA § 600.5805(3) (Stat Ann 1962 Rev § 27A-.5805[3]).

[4] "(1) A civil action for malpractice may be maintained against any person professing or holding himself out to be a member of a state licensed profession. The rules of the common law applicable to actions against members of a state licensed profession, for mal-

injured by the failure of an impostor to conform to the standard of care of the profession of which he professes to be a member may maintain an action for malpractice against the impostor and hold him to the standard of care of a member of the profession. In establishing in RJA § 2912 a rule which may have obtained at common law,[5] the Legislature did not thereby address itself to the separate question whether an unlicensed practitioner, an impostor, could avail himself of the short two-year statute of limitation.

RJA § 2912 concerns the standard of care to which an impostor may be held. It does not, although the term "malpractice" is used, purport to extend to impostors the benefit of the short statute of limitations set forth in RJA § 5805(3). As the committee note states, § 2912 "does *not* create a new cause of action. Members of state licensed professions are liable for malpractice at common law, *as are unli-*

practice, are applicable against any person who holds himself out to be a member of a state licensed profession.

"(2) Malpractice may be given in evidence in defense to any action for services rendered by the member of a state licensed profession, or person holding himself out to be a member of a state licensed profession." MCLA § 600.2912 (Stat Ann 1962 Rev § 27A.2912).

[5] See Hawkins, Practice Commentary, MCLA § 600.2912, pp 657, 658, where the following appears:

"Legislative history of the predecessors of RJA § 2912 is carefully analyzed in *Leslie* v. *Mollica* (1926), 236 Mich 610 (211 NW 267). As observed in that opinion, 'Whether this declared more than the common-law rule is questionable.' 236 Mich at 614. That is, notwithstanding the contrary suggestion in the Committee Comment, it is probably the common-law rule, without regard to the statute, that an unlicensed practitioner who holds himself out as belonging to a particular profession or specialty will be judged by the standards he professes, rather than the lower standards of a layman."

The committee note states that "unlicensed persons are held at present" to the standard of care of a layman.

Whether the committee or Professor Hawkins is right about the state of preexisting law, the only question under consideration when § 2912 was drafted was the standard of care. As the committee note itself states, "what this section does" is to hold impostors to the professional standard of care. That is the purpose of § 2912, and no more.

*censed persons.  What this section does* is to hold
the unlicensed person to the *standard of care* to
which a member of the state licensed profession
would be held  *  *  *  ."[6]  (Emphasis supplied.)

The question of the standard of care to which an
impostor should be held and the question of the
appropriate statute of limitations in an action
against an impostor are separate questions.
Different legislative policies are involved.  We de-
cline to infer from the codification of a rule concern-
ing the standard of care a legislative purpose to
shorten the statute of limitations in actions against
impostors from what it was before the Revised
Judicature Act was enacted.[7]  Relevant is the com-
mittee note that "existing time periods have been
used".[8]

"In the codification of statutes the general pre-
sumption obtains that the codifiers did not intend
to change the law; and mere changes of phraseology
or punctuation, or the addition or omission of words,
or the rearrangement of sections or parts of a stat-
ute, or the placing of portions of what formerly
was a single section in separate sections, does not
operate to change the operation, effect or meaning
of the statute unless the changes are of such nature
as to manifest clearly and unmistakably a legislative
intent to change the former law." *State, ex rel.
Johnson,* v. *Broderick* (1947), 75 ND 340, 343 (27
NW2d 849, 852).[9]

---

[6] See committee note reprinted as annotation to MCLA § 600.2912
(Stat Ann 1962 Rev § 27A.2912).  See discussion of the committee
note in fn 5.

[7] Under prior law, the two-year statute applied only to an action
for malpractice brought against "physicians, surgeons or dentists".
See CL 1948, § 609.13 (Stat Ann § 27.605).

[8] See committee note reprinted as annotation to MCLA § 600.5805
(Stat Ann 1962 Rev § 27A.5805).

[9] Similarly, see *United States* v. *Thompson* (CA2, 1963), 319 F2d
665, 669; *City of Redfield* v. *Wharton* (1962), 79 SD 557, 564 (115
NW2d 329, 332); *Wilson* v. *Miller* (1957), 144 Conn 212 (128 A2d

Construing the two sections (RJA § 2912 and RJA § 5805[3]) together, we hold that the short two-year statute of limitation applies only to action against licensed professionals.[10] The standard of care, whether the action is against an impostor or a true member of the profession, is the same; both are required to conform to the standard of care of a member of the profession.

Our decision makes it unnecessary to decide whether a person who claims he was injured by an impostor may waive the professional standard of care and sue the impostor for negligence or on some other theory and, if so, what would be the standard of care in such a case. It is also unnecessary to consider whether an action for deceit, separate and apart from a malpractice action, may be maintained against a professional person or an impostor[11] and, if so, whether a different statute of limitations might govern.[12]

---

894); *Austro-Hungarian Consul* v. *Westphal* (1912), 120 Minn 122 (139 NW 300).

[10] We express no opinion as to the issue decided in *Kambas* v. *St. Joseph's Mercy Hospital* (1971), 33 Mich App 127.

[11] Here, it is alleged that the whole relationship was founded on deceit and tainted by it. But for the defendant's deceit, the plaintiff might never have subjected himself to treatment by the defendant. It would be anomalous to say that in such a case the injured person is limited to the form of action which evolved in cases where the defendants were true members of the profession.

[12] Our Supreme Court has indicated that an action for malpractice may not be the exclusive remedy. See *Johnson* v. *Caldwell* (1963), 371 Mich 368, 380, *et seq.*

In other jurisdictions, courts have held, in cases where a statute of limitations defense was raised, that malpractice is not the exclusive theory. In *McAlpin* v. *Browne* (1958), 15 Misc 2d 255, 257 (181 NYS2d 525, 527), the Court ruled that where "the deceit [of the professional person] is not with respect to the manner of performance of the contract or of any incident thereof, but rather with respect to the stated fact" an action for breach of contract or misrepresentation may be maintained; in so holding the court said that if the breach alleged was for negligent performance, then despite the nomenclature of plaintiff's theory it would constitute an action for malpractice. Similarly, see *Volk* v. *McCormick* (1969), 41 Wis 2d 654 (165 NW2d 185) (physician alleged to have falsely told patient she was not injured by operation he performed for pur-

Reversed and remanded for trial. Costs to plaintiff.

All concurred.

pose of inducing her to refrain from seeking medical or legal assistance); *Krestich* v. *Stefanez* (1943), 243 Wis 1 (9 NW2d 130) (surgeon knowingly and falsely represented to patient that needles left in her abdomen during surgery had been found and removed). *Contra, Stacey* v. *Pantano* (1964), 177 Neb 694 (131 NW2d 163) (alleged misrepresentation by physician as to nature and cause of postoperative condition). See, also, *Calabrese* v. *Bickley* (1956), 1 App Div 2d 874 (150 NYS2d 542) *modifying* 208 Misc 407 (143 NYS2d 846).