NORLING v JAMES

1. LIMITATION OF ACTIONS—COSMETOLOGY—OCCUPATION.

The statute of limitations for an action against a person engaged in the occupation of cosmetology is three years, not two years (MCLA 600.5805[7]).

2. LICENSES—COSMETOLOGY—OCCUPATION.

The practice of cosmetology is an occupation, not a profession (MCLA 338.752).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 December 7, 1971, at Detroit. (Docket No. 12135.) Decided January 21, 1972.

REFERENCES FOR POINTS IN HEADNOTES
[1] 10 Am Jur 2d, Barbers and Cosmetologists § 22.
[2] 10 Am Jur 2d, Barbers and Cosmetologists § 2.

Complaint by Leonard and Peggy J. Norling against Velma James and Rayette Faberge, Inc., for personal injuries caused by application of hair bleaching materials. Summary judgment for defendants. Plaintiffs appeal. Summary judgment vacated and cause remanded to trial court for the entry of an order denying summary judgment.

*Robert A. Grimes,* for plaintiffs.

*Ronald H. Ring,* for defendant James.

Before: LESINSKI, C. J., and LEVIN and O'HARA,[*] JJ.

O'HARA, J. The question presented by this appeal is whether cosmetology is a profession within the meaning of the statute establishing two years as the limitation period for actions charging malpractice[1] as opposed to the three-year period for all other actions charging injury to person or property.[2]

The trial judge, properly denominating the issue as the determination of legislative intent, held the shorter period of two years in the cases of "malpractice" to apply. He granted summary judgment in favor of the defendant cosmetologist on that ground.

In this we think he was in error. Judicial determination of legislative intent in cases of ambiguity or conflict in a statute is governed by long-standing case law. We do not deem a discussion of these cases helpful here.

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.
[1] MCLA 600.5805(3); MSA 27A.5805(3).
[2] MCLA 600.5805(7); MSA 27A.5805(7).

As we read the statute there is no ambiguity and thus no basis for judicial interpretation. We think the statute is clear. It contains its own definition of cosmetology.

" 'Cosmetology' means any branch  *  *  *  of the *occupation* of a hairdresser, cosmetician, cosmetologist, beauty culturist, or any other person holding himself or herself out as practicing cosmetology by whatever designation." MCLA 338.752; MSA 18-.132. (Emphasis supplied.)

We cannot but conclude that if the Legislature had intended cosmetology to be considered a "profession", it would not have expressly designated it as an "occupation".

The malpractice statute does not apply to occupation as differentiated from profession.[3]

The summary judgment is vacated. The cause is remanded to the trial court for the entry of an order denying summary judgment on the ground stated.

All concurred.

---

[3] We intimate no opinion on the issue that divided our Court in *Kambas* v *St Joseph's Mercy Hospital*, 33 Mich App 127 (1971), *leave granted* 385 Mich 786.