## ELIPHALET TRASK *vs.* HARTFORD AND NEW HAVEN RAILROAD COMPANY.

A judgment against a railroad company, for damages for the destruction of a building by fire communicated from a locomotive engine, is a bar to a subsequent action by the same plaintiff against the company for damages for the destruction of other buildings by fire communicated from the building first destroyed, although the subsequent action is brought and prosecuted for the benefit of an insurance company which has paid to the plaintiff the amount of a policy of insurance upon such other buildings.

TORT to recover damages for the destruction of the plaintiff's dwelling-house and shed by fire communicated by the locomotive engine of the defendants. At the trial in the superior court, it appeared that heretofore the plaintiff recovered judgment against the defendants for the loss of a shop by fire from the same cause, and that the house and shed took fire from the burning of the shop. At the time of the fire, he held a policy of insurance on the dwelling-house, issued by the Merchants and Farmers' Mutual Fire Insurance Company, the amount of which they afterwards paid to him, and thereupon caused this action to be brought and prosecuted for their benefit. *Morton,* J.

ruled that the former judgment was a bar to this action, and a verdict was accordingly returned for the defendants. The plaintiff alleged exceptions.

*H. Morris,* for the plaintiff.

*N. A. Leonard,* for the defendants, was not called upon.

MERRICK, J.[*] It is an established principle of law, that judgment in a civil suit upon a certain alleged cause of action is conclusive upon the parties in relation to it, and that another suit for the same cause cannot be maintained for any purpose whatever. No man is liable to be twice charged, or to be a second time proceeded against in a civil action, for the same unlawful act, if the first has been pursued to final judgment. 1 Stark. Ev. (4th Amer. ed. ) 196. *Eastman* v. *Cooper,* 15 Pick. 276. This doctrine was affirmed, explained and enforced by this court, in the recent case of *Bennett* v. *Hood,* 1 Allen, 47 ; and in its proper application to the facts disclosed in the bill of exceptions is decisive of the present action. The tortious act of the defendants, which is stated and complained of in the writ and declaration, is the setting fire by one of their locomotive engines to the shop of the plaintiff, by means of which his dwelling-house and shed were burnt and consumed. This same cause of action was set forth in the former suit, a copy of the judgment in which was produced by the plaintiff on the trial of this. As to that cause of action, therefore, the judgment was final and conclusive upon both of the parties. The loss of the shop and of the dwelling-house and shed were distinct items or grounds of damage, but they were both the result of a single and indivisible act. The plaintiff therefore does not show any right to maintain another action to recover additional damages merely by showing that, in consequence of his omission to produce upon the trial all the evidence which was admissible in his behalf, he failed to obtain the full amount of compensation to which in that event he might have been entitled. Having chosen to submit the determination of the issue upon the evidence which

---

[*] DEWEY, J. did not sit in this case.

he did in fact produce, he is bound to abide by the verdict which was rendered, and to accept the judgment in full satisfaction of his claim.  It would be unjust, as well as in violation of the fixed rule of law, to allow him to subject the defendants to the hazard and expenses of another suit to obtain an advantage which he lost either by his own carelessness and neglect, or by an intentional withholding of a part of his proof.  Nor can it make any difference that the Merchants and Farmers' Insurance Company had an equitable interest, as insurers of the dwelling house and shed lost by the fire, in the damages which the plaintiff might have recovered for the destruction of that property. To protect their interest, the insurance company should have seasonably intervened and supplied, or caused to be supplied, the evidence which would have shown that the plaintiff ought to recover compensation as well for the burning of the dwelling-house and shed as for the shop; both having been destroyed at the same time, by one and the same tortious and unjustifiable act of the defendants.  The fact therefore that the insurance company had an equitable interest, which the law will protect — *Hart* v. *Western Railroad,* 13 Met. 99 — in a part of the damages which the plaintiff was entitled to recover against the defendants, affords no reason why they should be deprived of the benefit of the general principle of law which protects all parties against the unnecessary multiplication of suits, and the hazard, vexation and charges which unavoidably attend them. The presiding judge sustained this principle, and the exceptions taken on this account must therefore be overruled.