SZOSTAK *v*. CHEVROLET MOTOR CO.

1. JUDGMENT—DISAGREEMENT OF JURY.
    In an action at law where jury disagrees, the court may enter judgment under authority of 3 Comp. Laws 1929, § 14535.

2. PLEADING — MOTION TO DISMISS — COURT RULES — SUBSEQUENT AMENDMENT.
    Court rule providing time for moving to dismiss as of right does not restrict power of the court to permit later amendment to pleadings on proper motion and showing (Court Rules Nos. 18, 27, § 8 [1933]).

3. JUDGMENT—RES JUDICATA—PLEADING.
    Until judgment in a case first tried between two parties relative to damages to plaintiffs' property alleged to be caused by operation of drop hammers in, and emission of noxious fumes from, defendant's forge plant, defendant could not have

pleaded in bar nor prevailed in a motion to dismiss the present action between same parties for damages from identical nuisance to plaintiffs' flat on adjoining lot.

4. SAME—SPLITTING CAUSE OF ACTION—WAIVER.

As the point of split cause of action could not accrue until judgment, defendant is not sooner called upon to elect its course and inaction could not work a waiver.

5. ACTION—SPLITTING CAUSE OF ACTION—LIMITATION OF ACTIONS.

Since party whose real estate, consisting of two frame flats, is entitled to all damages to both houses accruing within period of three-year statute of limitations no matter when the houses were built, fact that one may have been built prior to commencement of such period does not require plaintiff to split cause of action (3 Comp. Laws 1929, § 13976).

6. SAME—SPLITTING CAUSE OF ACTION.

Rule against splitting of causes of action is strictly enforced in this State to prevent vexation and expense to a defendant and it is a rule of justice that one shall present his whole cause of action in one suit.

7. SAME—SPLITTING CAUSE OF ACTION—CONTINUOUS TORT.

Plaintiffs, owners of two frame flat buildings on adjoining lots located a block from defendant's forge plant, who brought action for damages to one house and subsequently brought action for damages to other place *held*, to have split their cause of action where the tort, although continuous, was single in its declared injurious effect.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 7, 1937. (Docket No. 10, Calendar No. 39,284.) Decided May 21, 1937.

Case by Frank Szostak and wife against Chevrolet Motor Company, a division of General Motors Corporation, for damages to building alleged to have been caused by vibrations and smoke. Jury disagreed. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Frederic T. Harward, Robert Wojcinski* and *Leon Dreifuss,* for plaintiffs.

*Butzel, Eamon, Long, Gust & Bills* (*Rockwell T. Gust* and *Clifford W. Van Blarcom,* of counsel), for defendant.

Fead, C. J.   Plaintiffs owned two adjoining lots, on each of which was a frame flat located one block from defendant's forge plant.   On the claim that drop hammers in the plant caused their buildings to vibrate and damaged them, and noxious fumes were emitted from the plant to their discomfort, plaintiffs commenced two actions against defendant in 1934.   The declarations were identical as to allegations of nuisance and negligence and the suits differed only in the respect that in one the damages as to one building were claimed and in the other the damages as to the other building were claimed.

The action as to the southerly premises, on which plaintiffs lived, was tried and judgment rendered for defendant on March 19, 1936.   No appeal was taken.   Later, on leave of court, defendant filed an amended answer in the instant case, which involved the northerly lot, and pleaded the former judgment in bar on the ground that plaintiffs had split their cause of action.

On trial of this case, defendant moved for directed verdict, the cause was submitted to the jury, the jury disagreed, the court treated the motion to direct as a motion to dismiss, granted it and entered judgment for defendant.

Under 3 Comp. Laws, 1929, § 14535, the court may enter judgment although the jury disagrees.   *Central Electric Co.* v. *LeMoine,* 263 Mich. 117.

Plaintiffs say defendant waived the defense of split cause of action by failing to move to dismiss within the time provided for pleading, as required in Court Rule No. 18 (1933). The rule, of course, provides the time to move as of right and does not restrict the power of the court to permit later amendment to pleadings on proper motion and showing. Court Rule No. 27, § 8 (1933).

Plaintiffs complain that defendant's tactics were unfair because if it had raised the point before trial of the other action plaintiffs could have consolidated the suits by amendment or otherwise. Until judgment in the case first tried, defendant could not have pleaded in bar nor prevailed in a motion to dismiss the present action. A party is not obliged to take an ineffective position, to his adversary's advantage, on penalty of waiver of rights. Because plaintiffs might have amended their pleadings on leave of court even after the testimony was taken, in the suit first tried, the point of split cause of action could not accrue until judgment therein, defendant was not sooner called upon to elect its course, and inaction could not work a waiver.

In denying that there was a splitting of the cause of action, plaintiffs strenuously urge that defendant's contention would result in injustice and loss to plaintiffs because the three-year statute of limitations (3 Comp. Laws, 1929, § 13976) could not fairly be applied if one house were over three years old and the other built within the period. We cannot follow the argument. It could have force only if plaintiffs were obliged to wait three years before bringing suit and thus be unable to recover damages to buildings erected within such period. No such obligation rested upon them. They were entitled, if they prevailed, to recover all damages to

both houses which had accrued within the period of limitation, no matter when the houses were built.

In this State the rule against splitting of causes of action is strictly enforced to prevent vexation and expense to a defendant. *Brewster Loud Lumber Co.* v. *General Builders' Supply Co.,* 233 Mich. 633; *Corey* v. *Jaroch,* 229 Mich. 313; *Continental Ins. Co.* v. *H. M. Loud & Sons Lumber Co.,* 93 Mich. 139 (32 Am. St. Rep. 494). It is a rule of justice that one shall present his whole cause of action in one suit. *Dutton* v. *Shaw,* 35 Mich. 431. In some other jurisdictions a different rule prevails. *Tuttle* v. *Everhot Heater Co.,* 264 Mich. 60, where the law of New York, permitting separate actions for injuries to persons and property from a single tort, was applied as foreign law but was expressly declared to be contrary to the law of this State.

In the instant case the tort, although continuous, was single in its declared injurious effect. Plaintiffs do not charge that it may be divided as to time or otherwise so that a distinct and separate part of it may be traced to a specific injury to one building without a corresponding effect on the other. The tort is declared upon as a unit and the damage it caused was a unit. Consequently the two suits constituted a splitting of the cause of action. *Beronio* v. *Railroad Co.,* 86 Cal. 415 (24 Pac. 1093, 21 Am. St. Rep. 57); *Trask* v. *Railroad Co.,* 84 Mass. 331.

Judgment affirmed.

NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. BUTZEL, J., did not sit.