LAHAR *v.* BARNES.

1. PLEADING—EVIDENCE—ANTICIPATION OF DEFENSES.
    It is not essential to the sufficiency of pleading that it set forth matters of evidence, or that it should anticipate defenses that might be raised.

2. SAME—CAUSE OF ACTION—DEFENSES.
    It is the duty of a plaintiff to state his cause of action in his declaration and the right of the defendant to be apprised there-

REFERENCES FOR POINTS IN HEADNOTES
[1]  41 Am Jur, Pleading §§ 8, 87.
[2, 3]  41 Am Jur, Pleading § 77 *et seq.*

by of the facts which are believed to constitute the plaintiff's cause of action and adequately advise the defendant of the charge so as to enable him to prepare his defense.

3. TORTS—MINK AND FOX FARM—AIR HAMMERS—PLEADING.

Declaration by owner and operator of a mink and fox farm that defendant road construction contractor's operation of 2 air hammers causing loud noises during the whelping season, notwithstanding plaintiff's repeated warnings and requests not to do so, conveyed before and during such season, and which noises caused the females to destroy their young and resulted in loss to plaintiff *held*, to have stated a cause of action, since the declaration apprised defendant of the danger of such conduct to plaintiff's property.

4. WORDS AND PHRASES—WARNING.

The term "warning" is defined as the act or fact of putting one on his guard, of intimating danger, evil consequences, or penalties, of an act or course of conduct, or of notifying in advance.

5. PLEADING—WORDS AND PHRASES.

The language used in a pleading must be given its ordinary signification.

6. SAME—INTERPRETATION.

A liberal interpretation of a pleading is both permissible and proper.

EDWARDS, J., dissenting.

Appeal from Tuscola; Quinn (Timothy C.), J. Submitted October 9, 1957. (Docket No. 21, Calendar No. 47,308.) Decided July 15, 1958.

Case by Henry Lahar, doing business as Old Dependable Silver Black Foxes and Furs, against Hazel E. Barnes, individually and as owner of A. T. Barnes Construction Company, for damages resulting to fur-raising business from defendant's construction operations. Judgment on pleadings for defendant. Plaintiff appeals. Reversed and remanded with leave granted to amend declaration.

*Stanton, MacKenzie, Cartright & Walker (Harvey D. Walker,* of counsel), for plaintiff.

*Smith & Brooker (Carl H. Smith, Sr.,* of counsel), for defendant.

Carr, J. Plaintiff brought this action in the circuit court to recover damages for loss of property claimed to have resulted from acts of negligence on the part of the defendant and her employees. The declaration filed alleged the respective residences of the parties, and that plaintiff kept numbers of selected mink and foxes for breeding purposes on his fur farm located on highway US–23 in Arenac county. The pleading further set forth that during the month of April, 1953, and for some time thereafter, defendant, as the owner of the A. T. Barnes Construction Company, was engaged in the widening and construction of a bridge on highway US–23 immediately adjacent to plaintiff's fur farm, and that in the doing of the work air hammers were continually used, causing extreme noise which resulted in disturbing plaintiff's female mink and foxes to such an extent that they destroyed their young. Plaintiff claimed in his pleading that he made repeated "warnings, requests and demands" of the defendant, through her agents and employees, both before and during the whelping season of the mink and foxes, to refrain from the use of the air hammers, but that the operation was continued, resulting in the loss of young mink and foxes and injury to the breeding stock. A second count was included in the declaration alleging liability on the theory that defendant's method of operation created a nuisance as to the plaintiff.

Defendant filed a special appearance and moved to dismiss on the ground that the declaration filed did not state a cause of action in either count. Said motion was argued orally and was granted by the trial judge on the ground that plaintiff's pleading failed to contain an allegation setting forth a legal duty on the part of the defendant to accede to plaintiff's warnings and requests. Defendant's motion was author-

ized under Michigan Court Rule No 17, § 7 (1945), which provides that:

"Demurrers are abolished, and whenever any pleading at law or in equity is deemed to be insufficient in substance, a motion to dismiss or to strike or for judgment on the pleading may be made, or the objection may be made in the answer or reply, and whenever any such pleading is deemed to be indefinite, uncertain or incomplete, a further and better statement of the nature of the claim or defense or further and better particulars of any matter stated in any pleading may be ordered on motion, upon such terms in any case, as to costs and otherwise, as may be just."

Section 9 of said rule, by amendment effective April 1, 1953,[*] empowers the trial court upon its own motion, whenever any pleading is deemed indefinite, uncertain or incomplete, to "require counsel to file a more certain, definite and complete pleading."

Following the order of dismissal counsel for plaintiff filed motion to reconsider the matter, including therein a request that if the court found that plaintiff should apprise defendant, with greater particularity, of the acts on which he based his cause of action, that time should be given to amend the declaration. Such request apparently was granted, and an amended declaration was filed embodying the allegations set forth in the original declaration and specifically averring, in paragraph 7 thereof, as follows:

"That it then and there was the duty of the defendant, through her agents, employees and servants, to so conduct herself as to avoid loss and damage to property owners then and there in their rightful possession and use of their property immediately adjacent to and adjoining the operation of the defendant,

---

[*] 335 Mich lxii.—REPORTER.

and to avoid by all reasonable, proper and lawful means doing such acts as would cause damage or loss to such persons, and more particularly to this plaintiff, and it was defendant's duty legally to do so."

Apparently by the paragraph quoted counsel for plaintiff sought to obviate the objection to the first declaration on which the trial court's order of dismissal was based. The amended pleading was challenged by defendant, as failing to set forth a cause of action, by motion for judgment on the pleading authorized by the provision of Michigan Court Rule No 17 (1945), above quoted. The motion was granted and judgment was entered accordingly, said judgment reciting as follows:

"It is ordered and adjudged that the plaintiff take nothing by his suit and that the defendant recover of the plaintiff his costs and charges to be taxed and have execution therefor."

From said judgment plaintiff has appealed, claiming that the trial court was in error in holding that defendant was entitled thereto for the reason set forth in her motion.

The question for consideration is whether the amended declaration alleged a cause of action against defendant. It was not essential to the sufficiency of the pleading that it set forth matters of evidence, or that it should anticipate defenses that might be raised. The general principles controlling in determining the sufficiency of such a pleading are stated in 41 Am Jur, Pleading, § 77, pp 344, 345, as follows:

"Notwithstanding changes that have been introduced by modern systems of pleading, it still remains the duty of the plaintiff to state his cause of action in his declaration, complaint, or petition, and the right of the defendant to be apprised thereby of the facts which are believed to constitute the plaintiff's

cause of action.   The plaintiff's allegation must be such, if proved as laid, as to show as a matter of law the essential elements of a cause of action in his favor, and a cause of action should be so stated that the court may determine its character as *ex contractu* or *ex delicto,* although it is not necessary for the plaintiff in so many words to state the character of his action as *ex delicto* or *ex contractu.*   On the other hand, a pleading properly drawn should contain no further allegations than thus indicated.   It is not required that the plaintiff aver any fact which is not necessary to his right.   He is not required to state the circumstances tending to prove the facts alleged, —the character of the evidence upon which he intends to rely,—or to anticipate matters of defense which the defendant may possibly set up.   In general, the complaint or petition is sufficient if its allegations state facts upon which the plaintiff relies for a recovery, and if it adequately advises the defendant of the charge so as to enable him to prepare his defense."

Of like import, it is said in 19 MLP, Pleading, § 8, p 12, that:

"In connection with declarations, as with other pleadings, there has been increasing liberality in upholding the pleading without regard to technical restrictions as to form.   The principal requirements of a declaration are that it state a cause of action and that the facts be alleged with sufficient particularity to reasonably inform the defendant of the nature of the cause of action.   Accordingly, our Supreme Court has said that the purpose of a declaration is to advise the defendant as to the nature of the plaintiff's claim, and that the chief object of a declaration is to plainly apprise the opposite party of the cause of action and the claim of the plaintiff."

Prior decisions of this Court are in accord with the substance of the above quotations.   It has been repeatedly recognized that the purpose of a

declaration is to apprise the opposite party of the cause of action and the claims of the plaintiff. *Eberbach* v. *Woods,* 232 Mich 392, 396; *Michigan Aero Club* v. *Shelley,* 283 Mich 401, 408 (1938 US Av R 134, 1 CCH Av 750); *Leslie* v. *Mendelson,* 302 Mich 95, 103; *Rood* v. *Midwest Matrix Mart, Inc.,* 350 Mich 559, 563.

The amended declaration filed by plaintiff, in referring to defendant's operation in the widening and construction of the bridge, averred that:

"Defendant knew, or should have known, that any unusually loud noises during the above-mentioned whelping season of 1953 would cause the female mink and foxes on the plaintiff's fur farm to panic and destroy their young, and that notwithstanding such knowledge, the defendant, through her agents, employees and servants, wilfully, carelessly and negligently made use of air hammers continually in the course of the above mentioned widening and construction, causing for long periods of time extremely loud and continuous din, noise and racket which caused large numbers of the plaintiff's female mink and foxes to panic and destroy their young."

Plaintiff's efforts to bring about a cessation of the noise of which he complained were set forth in paragraph 6 of the declaration, as follows:

"That the plaintiff made repeated warnings, requests and demands of the defendant, through her agents, employees and servants, before and during the whelping season to cease and desist from the use of the 2 air hammers; and that notwithstanding said warnings, requests and demands, the defendant, through her agents, employees and servants, with contumacious disregard, wilfully, wantonly, persistently and perversely made use of the 2 obnoxious air hammers, the operation and use of which created a very great din, noise and racket."

The question is presented whether the language of plaintiff's pleading may reasonably be construed as meaning that defendant, through her agents and employees, had knowledge of the probable consequence of a continuance of the excessive noise made by the air hammers, and, further, that she was so informed by plaintiff during the course of the construction work on the bridge, and while the injury to plaintiff's breeding stock was actually occurring.

It will be noted that the allegations of paragraph 6, above quoted, do not refer merely to requests and demands, but also assert "repeated warnings." Obviously the word "warning" implies more than the making of requests or demands. In Webster's New International Dictionary the term is defined as:

"The act or fact of putting one on his guard, of intimating danger, evil consequences, or penalties, of an act or course of conduct, or of notifying in advance."

Bearing in mind this definition of the word "warning," we think that paragraph 6 of the amended declaration may properly be construed as claiming that defendant was apprised of the danger to plaintiff's property resulting from the manner in which the construction work was conducted, and the probable consequences of the continuance of the use of the air hammers as actually operated, with the attendant noise. A consideration of the declaration in its entirety justifies the conclusion that the consequences of defendant's conduct as affecting the mink and foxes during the whelping season were the crucial matters involved at the times the warnings were given and the requests to desist were made. As a matter of practical interpretation we may conclude that the declaration charged that defendant was aware of the danger to plaintiff's property, and was specifically advised with reference thereto. There

is no basis for a different conclusion. No claim was made on behalf of defendant that she did not understand the basis for plaintiff's cause of action. She did not move for a more specific declaration.

Without discussing the matter at greater length, we think the pleading was sufficient in substance to apprise defendant of the cause of action asserted and the claims of plaintiff with reference thereto. The language used must be given its ordinary significance. As before noted, it was not incumbent on plaintiff to anticipate possible defenses that may be raised in opposition to the recovery of damages, nor was plaintiff bound to set forth matters of evidence. Under rules of pleading presently recognized, a liberal interpretation is both permissible and proper. Specific consideration of the sufficiency of the second count of the declaration is not required at this time.

In support of his claim that he is entitled to recover damages under the facts set forth in his declaration, plaintiff cites *Hamilton* v. *King County,* 195 Wash 84 (79 P2d 697), and *Bell* v. *Gray-Robinson Construction Company,* 265 Wis 652 (62 NW2d 390). In each of said cases the right of the plaintiff to recover damages sustained by the owner of mink, due to excessive noise resulting from acts of defendant during the whelping season, was recognized. It does not appear that in either case the sufficiency of the plaintiff's pleading was raised. Such was the situation also in *Szostak* v. *Chevrolet Motor Co.,* 279 Mich 603. A discussion of issues involved in the trials on the merits in said cases would serve no useful purpose.

For the reasons indicated it is our conclusion that plaintiff's amended declaration was sufficient in substance to state a cause of action, and to fairly inform defendant with reference to the basis thereof. The trial court was in error in entering judgment for de-

fendant on motion therefor.   The cause is remanded
to the circuit court with directions to set aside said
judgment, and for further proceedings.   Pursuant to
the Court Rule above cited, plaintiff may amend his
pleading by stating with greater particularity the
facts on which his claim of right to recover damages
is based.

DETHMERS, C. J., and KELLY, SMITH, BLACK, and
VOELKER, JJ., concurred with CARR, J.


EDWARDS, J.   (*dissenting*).   This case represents
a prospective contest between the owner of a fur
farm and a highway contractor as to whether the
delicate condition of pregnant mink and foxes re-
quires a halt in highway progress during the whelp-
ing season.   Judge Quinn cut the contest short by
holding that the declaration failed to state a cause
of action.

His accurate summary of the well-pleaded facts
follows:

"Plaintiff is the owner and operator of a mink and
fox farm located on highway US-23 in Standish
township, Arenac county, Michigan.   Defendant is
the owner of a construction company, which was en-
gaged in the widening and construction of a bridge
on US-23 immediately adjacent to plaintiff's prem-
ises in April, 1953.   That from approximately the
latter part of April until July 1st is the whelping
season for mink and from approximately March 15th
until June 1st is the whelping season for fox, and
that due to the nature of the animals, unusually loud
noises during this period cause them to panic and
destroy their young.   That in the course of its op-
erations, defendant employed 2 air hammers which
caused loud noises and sent the mink into panic
causing the damage complained of.   That plaintiff

repeatedly requested the defendant to desist from using the air hammers before and during the whelping season, and that these warnings were ignored. Plaintiff pleads that defendant knew or should have known of the peculiar nature of pregnant mink and fox with respect to loud noises; this is a conclusion not based on any facts and will not be considered by this court. Plaintiff also pleads that defendant carelessly and negligently made use of the air hammers without pleading facts to substantiate such conclusions, except for their use after his request to desist. Hence, the negligence of defendant, if any, must arise from failure to desist after warning rather than from any physical manipulation of the machines."

This type of action is classed as nontrespassory invasion of the rights of another in the private enjoyment of land. The inherent difficulties in relation to such actions are vividly described in 4 Restatement, Torts, § 822, pp 231, 232:

"Not every substantial nontrespassory invasion of a person's interest in the use and enjoyment of land is actionable, even where such person is the owner of the land in fee simple absolute and another's conduct is the sole and direct cause of the invasion. Life in organized society, and especially in populous communities, involves an unavoidable clash of individual interests. Practically all human activities, unless carried on in a wilderness, interfere to some extent with others or involve some risk of interference, and these interferences range from mere trifling annoyances to serious harms. It is an obvious truth that each individual in a community must put up with a certain amount of annoyance, inconvenience and interference, and must take a certain amount of risk in order that all may get on together. The very existence of organized society depends upon the principle of 'give and take, live and let live,' and therefore the law of torts does

not attempt to impose liability or shift the loss in every case where one person's conduct has some detrimental effect on another. Liability is imposed only in those cases where the harm or risk to one is greater than he ought to be required to bear under the circumstances, at least without compensation. In respect to unintentional invasions of another's interests, certain broad general principles of liability have been developed. These principles are embodied in the rules governing liability for negligent, reckless and ultrahazardous conduct and apply to unintentional invasions of interests in the use and enjoyment of land as well as to other interests (see comment *k*). In respect to intentional invasions of interests, however, there are no broad general principles of liability applicable to different types of interests. In respect to certain types of interests, such as those in bodily security and in the exclusive possession of land, the law has developed strict rules of liability for intentional invasions, qualified by specific privileges. In respect to interests in the use and enjoyment of land, however, the law has developed a broader, more indefinite and more comprehensive rule of liability for intentional invasions. This rule is expressed in terms of unreasonableness, and, as stated in this section, requires that an intentional invasion be unreasonable before one is liable for causing it."

The general rule pertaining to such actions is given in Restatement as follows:

"§ 822. GENERAL RULE.

"The actor is liable in an action for damages for a nontrespassory invasion of another's interest in the private use and enjoyment of land if,

(a) the other has property rights and privileges in respect to the use or enjoyment interfered with; and

(b) the invasion is substantial; and

(c) the actor's conduct is a legal cause of the invasion; and

(d) *the invasion is either*

(1) *intentional and unreasonable;* or

(2) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct." (Emphasis supplied.)

Appellee claims that the declaration failed to state facts from which the invasion complained of could be held either intentional or unreasonable.

We believe that the declaration did fail in 2 respects to state a cause of action: First, it failed to allege facts showing that defendant was actually informed in advance of the nature and gravity of the possible harm. We decline to hold that defendant highway contractor may be charged with knowledge of the delicate temperament of pregnant mink and foxes; Second, under the rules previously cited from the Restatement, we believe the declaration was faulty in failing to allege facts which, taken as true, would establish that it was unreasonable conduct on defendant's part to persist in use of the air hammers after knowing of the possibility of harm. Noise resulting from highway construction is such a customary and essential part of modern life that he who seeks to recover damages therefrom bears the burden of proving not only that the noise harmed him, but that there was a reasonable way by which defendant could have avoided that harm.

The 2 cases relied upon by appellant are not controlling here. In one, *Hamilton* v. *King County*, 195 Wash 84 (79 P2d 697), the defendant was actually trespassing on plaintiffs' property. In the other, *Bell* v. *Gray-Robinson Construction Co.*, 265 Wis 652 (62 NW2d 390), defendant negligently employed a power shovel without a muffler—after full

warning of potential harm and while in obvious possession of means to avoid it.

The judgment of the trial court should be affirmed. Costs to appellee.

KAVANAGH, J., took no part in the decision of this case.