KAMBAS v ST. JOSEPH'S MERCY HOSPITAL OF DETROIT,
MICHIGAN

1. ACTION—PSEUDO-PROFESSIONAL—MALPRACTICE—STATUTES.

The pseudo-professional is subject to suit in malpractice and is to be held to the same standard of care as the licensed professional he misrepresents himself to be under a statute providing that a civil action for malpractice may be maintained against any person professing or holding himself out to be a member of a state licensed profession (MCLA 600.2912).

2. HOSPITALS—NEGLIGENCE—MALPRACTICE—PHYSICIANS AND SURGEONS—NURSES.

A cause of action for negligence only was stated in a complaint and the action may not be deemed to be one for malpractice where no negligent acts are alleged against any physician or surgeon but only against nurses and other employees of a hospital in an action against the hospital for damages for injuries alleged to have been caused by the negligent administration of a drug by injection.

3. LIMITATION OF ACTIONS—NEGLIGENCE—NURSES—HOSPITALS.

Three year statute of limitations is applicable to injuries arising from the negligent act of a nurse and is equally applicable to her employer, a hospital (MCLA 600.5805).

Appeal from Court of Appeals, Division 1, Danhof, P. J., and McGregor and Levin, JJ., affirming Washtenaw, John W. Conlin, J. Submitted September 5, 1972. (No. 1 September Term 1972, Docket No. 53,428.) Decided March 27, 1973.

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians and Surgeons § 20.

[2] 61 Am Jur 2d, Physicians and Surgeons § 162 *et seq.*

Liability of operating surgeon for negligence of nurse assisting him, 12 ALR3d 1017.

[3] 61 Am Jur 2d, Physicians and Surgeons § 181.

Applicability, in action against nurse in her professional capacity, of statute of limitations applicable to malpractice, 8 ALR3d 1336.

33 Mich App 127 reversed.

Complaint by Louis Kambas against St. Joseph's Mercy Hospital of Detroit for damages for injuries resulting from the alleged negligent administration of drugs by employees of the hospital. Accelerated judgment for defendant. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed and remanded for trial.

*Ripple & Chambers, P. C.* (by *Donnelly W. Hadden),* for plaintiff.

*Keyes, Creal & Hurbis,* for defendant.

T. M. KAVANAGH, C. J. Plaintiff was admitted to defendant hospital on April 22, 1966, for treatment following a heart attack. Injections of an anticoagulant drug were prescribed by the doctor. The injections were given by registered nurses employed by the hospital.

On April 25, 1966, plaintiff began experiencing swelling, discoloration and disability of his arms. Claiming negligence in the administration of the drug, plaintiff filed suit against the hospital on January 17, 1969.

The complaint alleged:

"6. That the said injections were done negligently by agents or employees of the said hospital, said negligence including, but not limited to, the following:

"(a) Injecting the drug into the wrong part of Plaintiff's body.

"(b) Injecting the drug in an improper manner.

"(c) Injecting the drug with the wrong instruments.

"(d) Failure to provide the proper instruments to hospital personnel for administration of this drug.

"(e) Failure to read the instructions for administration of said drug printed and distributed with it.

"(f) Failure to properly instruct hospital personnel regarding correct procedures for administration of this drug."

Defendant hospital moved for accelerated judgment. The circuit judge, in granting the motion stated:

"Defendant has moved for an accelerated judgment claiming the action should have been instituted within two years after the treatment, since it is based on an act which would constitute malpractice.

"Defendant has not answered the complaint, but has stated in its brief that the injections were given by Registered Nurses, and Plaintiff in his briefs, discusses the case on the same basis, so the court for the purpose of this opinion, makes the same assumption."

The Court of Appeals affirmed, LEVIN, J. dissenting. 33 Mich App 127 (1971). We granted leave to appeal. 385 Mich 786 (1971).

The issues presented are:

1. Does the malpractice statute of limitations apply to bar an action charging negligence of registered nurses in the performance of their duties?

2. If the malpractice statute of limitations applies to actions against registered nurses, may the hospital employing such nurses avail itself of the statute as a defense?

While the complaint states a cause of action for negligence, this case has been treated at all levels as one based upon a claim of malpractice due to the actions of nurses acting in their professional capacity. The complaint, however, sets forth, specifically in paragraph 6(d) and (f), allegations of negligence of hospital personnel other than nurses. No denial or answer has been made by defendant hospital. Quite obviously, since these two allega-

tions are founded upon a claim of ordinary negligence, at least as to them, the three year statute of limitations would apply.

As to the remaining allegations of negligence we are referred to three sections of the Revised Judicature Act.

MCLA 600.2912; MSA 27A.2912, provides in part:

"(1) A civil action for malpractice may be maintained against any person professing or holding himself out to be a member of a state licensed profession. The rules of the common law applicable to actions against members of a state licensed profession, for malpractice, are applicable against any person who holds himself out to be a member of a state licensed profession."

MCLA 600.5805; MSA 27A.5805 provides in part:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

*   *   *

"(3) The period of limitations is 2 years for actions charging malpractice."

MCLA 600.5838; MSA 27A.5838 provides:

"A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose."

Section 5838 embodies the "last treatment" rule

of accrual as stated in *DeHaan v Winter,* 258 Mich 293 (1932).

Examining these statutory sections, we find contained therein the answer to defendant's argument.

Section 2912 addresses itself exclusively to the problem of the empiric. This pseudo-professional is subject to suit in malpractice and is to be held to the same standard of care as the licensed professional he misrepresents himself to be.

That this is the only purpose of § 2912 is clear from the Committee Comment:

"The source section pertained only to physicians and surgeons. *Note that the broadening of this section does not create a new cause of action.* Members of state licensed professions are liable for malpractice at common law, as are unlicensed persons. What this section does is hold the unlicensed person to the standard of care to which a member of the state licensed profession would be held, instead of to the standard of care of a layman, to which unlicensed persons are held at present." (Emphasis added.)

If the comment is correct that no new cause of action has been created, then clearly nurses, who could not be sued previously for malpractice, may not be so sued now.

Section 5805 is nothing more than a compilation of existing limitations with no change in time periods. It provides for limitations on actions for injuries to persons and property and after setting forth one and two year limitations for several specific tort actions, including malpractice, it then provides in subsection (7) for a three year limitation on all other tort actions.

Note that the Revised Judicature Act does not define malpractice and neither did the Judicature Act of 1915. If it had been the intent of the

Legislature to broaden the malpractice limitation, clearly they should have set forth a definition of malpractice.

While the Judicature Act of 1915 provided a short two year statute of limitations for physicians and surgeons only, defendant argues the Revised Judicature Act has "broadened" coverage which includes not only members of any state licensed profession but also any state licensed occupation under the protection of the short two year statute of limitations. We do not agree with such an argument.

Defendant argues that because registered nurses are licensed by the state and the Legislature has defined their duties in § 2(c)(i) and (ii) of the Nursing Practice Act of 1967 (1967 PA 149; MCLA 338.1152; MSA 14.694[2]), they are subject to malpractice actions and may seek refuge in the two year statute of limitations.

The defendant's suggestion that the action of the Legislature in enacting §§ 2912 and 5838, using the words "a member of a state licensed profession," indicated an intent to extend the benefit of the short malpractice limitation of § 5805 to additional professions other than those originally encompassed by the Judicature Act of 1915 is unfounded.

The Ohio Supreme Court has treated this issue in a way we deem persuasively appropriate. In *Richardson v Doe,* 176 Ohio St 370; 199 NE2d 878 (1964), that Court, considering the Ohio statute of limitations for malpractice (which neither defines malpractice nor to whom it applies), said:

"Malpractice in relation to the care of the human body has been defined as the failure of a member of the medical profession, employed to treat a case professionally, to fulfill the duty, which the law implies from the

employment, to exercise that degree of skill, care and diligence exercised by members of the same profession, practicing in the same or a similar locality, in the light of the present state of medical science. *Bowers v Santee,* 99 Ohio St., 361, 365 [124 NE 238 (1919)]; *Gillette v Tucker,* 67 Ohio St., 106 [65 NE 865 (1902)], paragraph one of the syllabus." 176 Ohio St 371–372; 199 NE2d 879.

The Court went on to say:

"Today, the term, malpractice, is sometimes used loosely to refer to the negligence of a member of any professional group. However, legally and technically, it is still subject to the limited common-law definition. It is well established that where a statute uses a word which has a definite meaning at common law, it will be presumed to be used in that sense and not in the loose popular sense. *Grogan v Garrison,* 27 Ohio St., 50, 63 [1875].

"If the General Assembly had wished to protect groups other than those traditionally associated with malpractice, it should have listed the ones to be covered. Of the 17 states which have a special statute of limitations for malpractice actions, all but five have listed the ones to be covered. See Lillitch, The Malpractice Statute of Limitations in New York and Other Jurisdictions, 47 Cornell Law Quarterly, 339, 367.

"There is no compelling reason for a nurse to be given the protection of a one-year statute of limitations. A nurse, although obviously skilled and well trained, is not in the same category as a physician who is required to exercise his independent judgment on matters which may mean the difference between life and death. A nurse is not authorized to practice medicine. Section 4723.33, Revised Code. Her primary function is to observe and record the symptoms and reactions of patients. A nurse is not permitted to exercise judgment in diagnosing or treating any symptoms which the patient develops. Her duty is to report them to the physician. Any treatment or medication must be prescribed by a licensed physician. Section 4723.06, Revised Code. It is in the areas of diagnosis and prescription that there is

the greatest danger of unwarranted claims. A nurse by the very nature of her occupation is prohibited from exercising an independent judgment in these areas and thus is not subject to such claims.

"We conclude, therefore, that lack of due care by a nurse in caring for a hospital patient constitutes ordinary negligence and is not malpractice within the meaning of Section 2305.11, Revised Code. See *Wolff v Jamaica Hospital,* 11 App. Div. (2d), 801, 205 N. Y. Supp. (2d), 152 [1960]; *Isenstein v Malcomson,* 227 App. Div. 66, 236 N. Y. Supp. 641 [1929]. Where, as in the instant case, the negligence of the nurse results in bodily injury, the proper period of limitation is two years as provided by Section 2305.10, Revised Code." 176 Ohio St 372–373; 199 NE2d 880.

Applying the same reasoning to the instant case, we conclude as did the Appellate Division of the New York Supreme Court in *Wolff v Jamaica Hospital,* 11 App Div 2d 801; 205 NYS2d 152 (1960) that: "the complaint states a cause of action in negligence only. No negligent acts are alleged against any physician or surgeon but only against nurses and other employees of defendant. In view of this the action may not be deemed to be one for malpractice."

The defendant hospital's liability, being herein predicated upon the theory of *respondeat superior,* and having determined that nurses are not subject to the two year malpractice statute of limitations, we conclude that the three year statute of limitations is applicable to injuries arising from the negligent act of a nurse and is equally applicable to defendant employer hospital herein. As the Ohio Supreme Court noted in *Richardson v Doe, supra,* "[t]he hospital * * * can be in no better position than that of the agent through whom it acts." 176 Ohio St 373, 199 NE2d 880.

Reversed and remanded for trial.

T. E. BRENNAN, T. G. KAVANAGH, SWAINSON and WILLIAMS, JJ., concurred with T. M. KAVANAGH, C. J.

LEVIN and M. S. COLEMAN, JJ., did not sit in this case.