JOHNSON v CHILDREN'S HOSPITAL OF MICHIGAN

Docket No. 47185. Submitted January 19, 1981, at Detroit.—Decided April 21, 1981. Leave to appeal applied.

Fifteen-year-old Valerie Johnson was admitted to Children's Hospital on May 28, 1974, for treatment in connection with a congenital heart condition. During her treatment, an intravenous needle in her arm became dislodged, causing the medication to infiltrate the dorsum of her right hand. This caused an ulceration on her right hand, which eventually required a skin graft to be performed on the injured area. On March 27, 1977, Miss Johnson reached the age of majority. On March 8, 1979, she filed a malpractice suit against Children's Hospital in Wayne Circuit Court. A motion for entry of default was granted, Neal E. Fitzgerald, J. The parties later stipulated to set aside the default, and the court so ordered. Defendant then filed an answer to plaintiff's complaint and a motion for accelerated judgment. The trial court granted the motion for accelerated judgment on the grounds that plaintiff's action was barred by the statute of limitations because her injury was complete in July of 1974, that she was aware of it at that time,

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 453 *et seq.*

Raising defense of statute of limitations by demurrer, equivalent motion to dismiss, or by motion for judgment on pleadings. 61 ALR2d 300.

[2] 51 Am Jur 2d, Limitation of Actions §§ 15, 21.

[3] 51 Am Jur 2d, Limitation of Actions §§ 16-19.

[4, 5, 7] 40 Am Jur 2d, Hospitals and Asylums § 39.

61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers §§ 316-320.

Applicability, in action against nurse in her professional capacity, of statute of limitations applicable to malpractice. 8 ALR3d 1336.

[6] 57 Am Jur 2d, Negligence § 1.

[8] 40 Am Jur 2d, Hospitals and Asylums §§ 14, 20, 24, 26, 28-30, 39.

Hospital's liability for negligence in failing to review or supervise treatment given by individual doctor, or to require consultation. 14 ALR3d 873.

[9] 61A Am Jur 2d, Pleading §§ 57-67.

and that she waited for more than a year after reaching the age of majority to bring the action. Plaintiff appeals. *Held:*

The propriety of the lower court's decision to grant accelerated judgment in favor of defendant turns upon which statute of limitations actually controls in the instant controversy. The action was brought as a malpractice action. The statute of limitations for malpractice is two years from the accrual of the cause of action. At the time that plaintiff's treatment was terminated, a cause of action for malpractice would accrue when treatment was discontinued or when the plaintiff, in the exercise of reasonable diligence, should have discovered the asserted malpractice, whichever was the last to occur. Plaintiff alleges that she did not discover the asserted malpractice until January of 1979, when she consulted her attorney and learned of the possibility of a cause of action for malpractice. Defendant contends that the malpractice statute of limitations is inapplicable because at the time that plaintiff terminated her treatment, the malpractice statute of limitations applied only to licensed professionals and not to nurses or hospitals. Defendant argues that the statute of limitations for a personal injury negligence action is the proper statute of limitations to apply in this case. That statute grants a plaintiff 3 years from accrual of the cause of action to bring suit. A cause of action under this statute would accrue when all of the elements of the cause of action had occurred and could be alleged in a proper complaint. In plaintiff's case, this would have occurred in June of 1974. Under this theory, even granting plaintiff the one-year grace period upon reaching the age of majority, her action would be barred by the statute of limitations. Because plaintiff failed to allege the existence of an agency relationship between the defendant and its agents or employees, liability cannot be predicated on a theory of *respondeat superior.* If such a theory had been properly pled, the malpractice statute of limitations might possibly have been applicable. Under the facts of this case, however, defendant's position as to the relevant statute of limitations appears to be correct. The trial court did not err in granting defendant's motion for accelerated judgment.

Affirmed.

1. LIMITATION OF ACTIONS — MOTIONS AND ORDERS — ACCELERATED JUDGMENT — COURT RULES.

A motion for accelerated judgment is the proper vehicle by which to raise the affirmative defense of the statute of limitations (GCR 1963, 116.1[5]).

2. LIMITATION OF ACTIONS — PROCEDURE.

Statutes of limitations are generally considered to be procedural rather than substantive.

3. LIMITATION OF ACTIONS — STATUTORY PURPOSE.

Statutes of limitations are statutes of repose, *i.e.,* their purpose is to guard against stale claims where the loss of evidence or witnesses due to death or lapse of time may render the case impossible of proof.

4. LIMITATION OF ACTIONS — MALPRACTICE — STATUTES.

The statute of limitations for malpractice is two years (MCL 600.5805[4]; MSA 27A.5805[4]).

5. LIMITATION OF ACTIONS — MALPRACTICE.

An action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later (MCL 600.5805[4], 600.5838; MSA 27A.5805[4], 27A.5838).

6. TORTS — CAUSE OF ACTION — BREACH OF DUTY — DAMAGES.

A cause of action, in the case of an action for damages arising out of tortious injury to a person, accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint; these elements are four in number: 1) the existence of a legal duty by defendant toward plaintiff, 2) the breach of such duty, 3) a proximate causal relationship between the breach of such duty and the injury to the plaintiff, and 4) the plaintiff must have suffered damages.

7. LIMITATION OF ACTIONS — PERSONAL INJURY — DAMAGES.

Once all of the elements of action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run; later damages which result do not give rise to a new cause of action, nor does the statute of limitations begin to run anew as each later item of damage is incurred.

8. LIMITATION OF ACTIONS — HOSPITALS — MALPRACTICE OF AGENTS AND EMPLOYEES — RESPONDEAT SUPERIOR.

A hospital may be held liable for the negligent acts of its agents and employees, including acts constituting medical malpractice, on a properly pled theory of *respondeat superior* and, where the agent or employee is subject to the two-year malpractice

statute of limitations and the two-year discovery rule, that statute of limitations and the attendant discovery rule· are equally applicable to the hospital.

9. PLEADING — INTERPRETATION.
A liberal interpretation of a pleading is both permissible and proper.

*Rifkin, Kingsley & Rhodes, P.C.,* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and M. J. KELLY and CYNAR, JJ.

CYNAR, J. Plaintiff, Valerie Johnson, was born on March 27, 1959. On May 28, 1974, plaintiff, who was then 15 years old, was admitted to Children's Hospital for treatment in connection with a congenital heart condition. During plaintiff's treatment, an i.v. (intravenous needle) in plaintiff's right arm became dislodged, causing the medication to infiltrate the dorsum of plaintiff's right hand. This caused an ulceration on plaintiff's right hand which resulted in a sloughing of the skin. Plaintiff underwent a skin graft for the injury in July of 1974.

On March 27, 1977, plaintiff reached the age of majority. Plaintiff filed a suit against Children's Hospital (hereinafter defendant) on March 8, 1979. On May 14, 1979, a motion for entry of a default judgment was filed. On May 30, 1979, the parties stipulated to set aside the default, and the court so ordered. Additionally, on May 30, 1979, the defendant filed an answer to the complaint and a motion for accelerated judgment. On June 15, 1979, a hearing on defendant's motion was held. At the hearing, defendant argued that the injury was complete in July of 1974 and that plaintiff was

aware of it at that time. Defendant also contended that the statute of limitations barred plaintiff's suit because plaintiff sued more than a year after she had reached the age of majority.

It was plaintiff's contention at the hearing that she did not discover that she had a potential claim of malpractice until January of 1979, when her attorney informed her of the cause of action. At the very least, plaintiff asserted, there was an issue of fact as to whether she should have discovered the injury prior to the alleged discovery date. In an order dated August 21, 1979, the lower court granted defendant's motion and ordered plaintiff's case dismissed. Plaintiff appeals as of right.

The sole question for review is whether the trial court erred in granting defendant's motion for accelerated judgment. A motion for accelerated judgment is the proper vehicle by which to raise the affirmative defense of the statute of limitations. GCR 1963, 116.1(5), *Gilbert v Grand Trunk W R Co,* 95 Mich App 308, 311-312; 290 NW2d 426 (1980), *lv den* 410 Mich 854 (1980).

Generally, statutes of limitations are considered to be procedural rather than substantive. *Buscaino v Rhodes,* 385 Mich 474, 480; 189 NW2d 202 (1971). Statutes of limitations are statutes of repose, *i.e.,* their purpose is to guard against stale claims where the loss of evidence or witnesses due to death or lapse of time may render the case impossible of proof. *Bigelow v Walraven,* 392 Mich 566, 570, fn 2; 221 NW2d 328 (1974), *Buscaino, supra.*

The statute of limitations for malpractice is two years, MCL 600.5805(4); MSA 27A.5805(4). Accrual of a malpractice claim is governed by MCL 600.5838; MSA 27A.5838, which, prior to July 9, 1975, read:

"A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose."

The statute of limitations was interpreted by the Supreme Court in *Dyke v Richard,* 390 Mich 739, 747; 213 NW2d 185 (1973), to include a rule of discovery:

"Accordingly we hold that an action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, *or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later.*" (Emphasis supplied.)

The effect of this holding is not to alter the date of accrual of the cause of action under the accrual statute but to toll the running of the statute of limitations applicable thereto in those cases falling within the ambit of the holding. *Id.*

In 1975, the Legislature modified the accrual statute; however, since the amendatory language was not in effect at the time treatment was discontinued, the two-year discovery rule of *Dyke* would apply to the facts of this case. *Farris v Beecher,* 85 Mich App 208, 213-215; 270 NW2d 658 (1978), *Quinlan v Gudes,* 2 Mich App 506; 140 NW2d 782 (1966).

The above discussion necessarily presupposes that the statute of limitations covering actions alleging malpractice would apply in the case at bar. However, the propriety of the lower court's decision to grant accelerated judgment in favor of

defendant turns upon what statute of limitations actually controls in the instant controversy. Defendant argues that the statute of limitations applicable to negligence (personal injury) actions, which in May of 1974 was MCL 600.5805(7); MSA 27A.5805(7)[1] [now MCL 600.5805(8); MSA 27A.5805(8)], in conjunction with the year of grace provision found in MCL 600.5851(1); MSA 27A.5851(1),[2] control resolution of this appeal. We must initially decide whether defendant is correct in this regard.

In *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150-151; 200 NW2d 70 (1972), the Court specifically held that:

"In the case of an action for damages arising out of tortious injury to a person, the cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint.

"Those elements are four in number.

"(1) The existence of a legal duty by defendant toward plaintiff.

"(2) The breach of such duty.

"(3) A proximate causal relationship between the breach of such duty and an injury to the plaintiff.

"(4) The plaintiff must have suffered damages.

\* \* \*

"It is quite common in personal injury actions to allege and prove future loss of earning capacity, future medical expenses, future pain and suffering. Indeed all

---

[1] This subsection reads as follows:

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

[2] This subsection provides:

"Commencement of action; operation of section.

"Sec. 5851. (1) If the person first entitled to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in § 5852."

of these elements must be alleged and proved in a single cause of action. Once all of the elements of an action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run. Later damages may result, but they give rise to no new cause of action, nor does the statute of limitations begin to run anew as each item of damage is incurred."

Thus, it is clear that, if the personal injury statute of limitations applies, the cause of action for negligence accrued in June of 1974, when the i.v. became dislodged, plaintiff's hand became ulcerated and a sloughing of the skin resulted therefrom which necessitated a skin graft because of the disfigurement, as at that point in time all the elements of the cause of action were present. Likewise, if plaintiff's action is one for negligence by defendant, when plaintiff reached the age of majority on March 27, 1977, under MCL 600.5851(1); MSA 27A.5851(1), she had one year from that date to commence suit against defendant. This she failed to do, not having filed suit until March 8, 1979, nearly a full year after the running of the period found in § 5851. The basis for defendant's argument that § 5805(7), as in effect in June of 1974, and § 5851(1), respectively, control is that § 5838 applies only to members of a state licensed profession, and that § 5838, as in effect when treatment was discontinued in 1974, was interpreted to include as licensed professionals only doctors, not nurses or hospitals,[3] *Kambas v St Joseph's Mercy Hospital of Detroit, Michigan,* 389 Mich 249; 205 NW2d 431 (1973), and, as such,

---

[3] In July of 1975, the Legislature amended § 5838 to include hospitals and nurses within the ambit of the discovery rule; however, this amendment came well after treatment discontinued and plaintiff's cause of action had accrued and does not apply to the case at bar. *Ferris, supra,* 213-215.

§ 5838 does not apply with respect to any claim against defendant. So far as this contention goes it is correct. However, defendant's argument omits one critical step in the analysis. That is that the defendant hospital may be held liable for the negligent acts of its agents and employees (including acts constituting medical malpractice), on a properly pled[4] theory of *respondeat superior,* and that where the agent or employee is subject to the two-year medical malpractice statute of limitations, as well as the two-year discovery rule in *Dyke, supra,* that statute of limitations and the attendant discovery rule are equally applicable to the defendant hospital herein. *Kambas, supra,* 256. Our thorough review of plaintiff's complaint indicates only that plaintiff averred that the defendant hospital and the defendant doctors jointly and/or severally breached the applicable standard of care and jointly and/or severally were liable for plaintiff's injuries. Nowhere does the complaint indicate expressly that those who committed the acts of negligence were agents or employees of defendant, or otherwise allege the existence of an agency relationship.[5] Even given the notice function which

[4] Compare the excerpted portions of the complaint filed in *Kambas, supra,* 250-251, with the relevant averments of the complaint in the case at bar, fn 5, *infra.* See also *Bozarth v Harper Creek Board of Education,* 94 Mich App 351, 353, fn 1; 288 NW2d 424 (1979), and *Pfaffenberger v Pavilion Restaurant Co,* 352 Mich 1, 4-7; 88 NW2d 488 (1958).

[5] Plaintiff's complaint, in relevant part, alleged as follows:

"4. That at all times herein mentioned, during the period referred to above, it was the duty of the named Defendants, individually and/or jointly, in keeping with the standards followed by the medical profession in this community or similar communities, to use proper methods of diagnosis, proper methods of treatment and to use proper methods of nursing care and medical care in the administration of the intravenous medications, and to further promptly advise the said Plaintiff herein of the inherent risks of the intravenous medications which were being received by the Plaintiff during the period referred to above, and that said Defendants notwithstanding the aforestated duties, did fail and/or neglect to use reasonable care and to adhere to the standards of medicine as practiced in this community as follows:

"(a) That said Defendants herein did jointly and/or severally fail to monitor the condition of the Plaintiff during her hospitalization at Children's Hospital to prevent infiltration of the I.V. medications into the dorsum of the right hand.

"(b) That said Defendants herein did jointly and/or severally fail and/or neglect to properly monitor the condition of the Plaintiff during the course of the intravenous therapy to note the physical changes and responses of the said Plaintiff, and more particularly the ulceration on the dorsum of the Plaintiff's right hand.

"(c) That said Defendants herein did jointly and/or severally fail and/or neglect to properly and promptly monitor the condition of the said Plaintiff herein after the I.V. had infiltrated into the dorsum of the right hand to prevent the occurrence of ulceration and/or if the ulceration was unavoidable said Defendants did fail and/or neglect to properly and promptly treat the same.

"(d) That said Defendants herein did jointly and/or severally fail and/or neglect to administer the I.V. which Plaintiff was receiving and in proper dosage and/or to monitor the results of the treatment of said drugs so as to avoid infiltration of the dorsum of Plaintiff's right hand.

"(e) That said Defendants herein did jointly and/or severally fail and/or neglect to review the adverse reactions of the drug in question and to warn the said Plaintiff of the same and/or to properly and promptly test said drug before administering the same to determine whether or not it was properly infiltrating.

"(f) That said Defendants herein did jointly and/or severally fail and/or neglect to warn the said Plaintiff herein of the inherent dangers of the I.V. in question.

"(g) That said Defendants herein did jointly and/or severally breach their agreements to provide safe and adequate treatment to the Plaintiff, and did further breach their agreements to provide safe and adequate treatment to the Plaintiff and failed to warn of the inherent risks contained in the drug that they administered.

"(h) That said Defendants herein did jointly and/or severally fail and/or neglect to properly monitor the intravenous medications and to note the infiltration of the I.V. into the dorsum of the right hand and the development of the ulceration and/or to treat the same if the ulceration had developed prior to the Defendant's monitoring the condition.

"5. That as a direct and proximate result of the negligence of the Defendants and/or their malpractice aforedescribed and detailed and their breach of agreements, both express and implied, said Plaintiff herein suffered physical and mental pain, has been caused disfigurement, humiliation, embarrassment, all by reason of the injury to her right hand, and that said Plaintiff herein suffers from psychological injuries as well as other injuries which are presently undiagnosed and which she prays leave to complain of when ascertained, and that said Plaintiff further alleges that all the foregoing injuries, losses and conditions are painful, humiliating, continuing and permanent, and that Plaintiff herein has been forced to incur hospital, medical, drug and other expenses in connection with the treatment of said injuries

pleadings are designed to serve under GCR 1963, 111.1,[6] and the fact that a liberal interpretation of pleadings is both permissible and proper,[7] we conclude that the allegations contained in plaintiff's complaint did not reasonably inform defendant of the nature of the cause it was called upon to defend, at least with respect to liability predicated upon a *respondeat superior* theory. *Kambas, supra,* 256. Accordingly, we are constrained to agree with defendant's position as to the relevant statute of limitations and the conclusion which flows therefrom, *viz.,* that plaintiff's claim was barred as being without the statute of limitations applicable to negligence actions, that statute being the one which controls as against defendant Children's Hospital. Of necessity, we affirm the decision of the trial court granting accelerated judgment to defendant.

Affirmed. No costs, a question of statutory interpretation being involved.

and will in the future be caused similar damages, and that said Plaintiff has been prevented from engaging in her gainful occupation and has lost earnings and future earning capacity by reason of the disability from her right hand by reason of the aforestated conditions, and that said Plaintiff herein has suffered in addition thereto loss of social and recreational activities in addition to the aforestated injuries and damages.

[6] 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 195-196. See *Major v Schmidt Trucking Co,* 15 Mich App 75, 79-81; 166 NW2d 517 (1968).

[7] *Inter alia, Lahar v Barnes,* 353 Mich 408, 516; 91 NW2d 261 (1958).